1. A vendee of land cannot entitle himself to a rescission of the contract, by tendering the purchase money, and demanding title before the time stipulated by the contract for making the title.

2. Nor is it any objection that the title is not then in the vendor, if he can obtain the title·

3. Where the payee of a note is inquired of, by one wishing to purchase it, whether he has any defence against it, and answers that he has none, he does not thereby preclude himself from making any defence against the note growing out of the original transaction, of which he had no knowledge at the time. But if, when so inquired of, he promise to pay it, if purchased, he will be compelled to pay it at all events.

Error to the County Court of Tuscaloosa.

THIS was an action of assumpsit, brought by the plaintiff in error, as assignee, against the defendant in error, as maker, of two promissory notes for two hundred dollars each, dated the 25th February, 1837, and due respectively on the 25th December, 1838 and 1839. Plea, non-assumpsit; and judgment for defendant. Pending the trial, a bill of exceptions was taken at the instance of the plaintiff; from which it appears that, in December, 1836, one William E. Cotten bought of Obadiah Cooper, the payee of the notes sued on, a quarter section of land, for seven hundred dollars, secured to be paid by four notes—one for one hundred dollars, due the 1st March, 1837—and three for two hundred dollars each, due successively the 25th December, 1837, 1838 and 1839; and that he received a bond, with condition to make him title on payment of the purchase money. That being unable to comply with his contract, the defendant, a short time before the first note fell due, agreed to take the bargain off his hands; and gave Cotten one hundred dollars in money to take up the first note, and executed three notes, the counterparts of those executed by Cotten to Cooper; which notes and money were received by Cooper, and Cotten's notes were given up, and a new bond was executed for title to the defendant. The bond for title being

carried by Cotten to defendant, it was discovered to bear date on the 21st December, 1836 ; and was conditioned to make title to *Cotten* on the payment of the last instalment, which fell due on the 25th December, 1839. Defendant took the bond and kept it, but said it was of no value to him, and he must have another bond. Cooper sold the land as his own, and when he executed the bond, said he would as soon make title as give a bond.

Some time in December, 1838, the defendant offered to pay Cooper the amount due on the land, and demanded title. Cooper admitted that he could not make title ; that he had never had title himself; that the notes for the purchase money, were the property of the plaintiff; and that if he would pay him, he would endeavor to effect title. Defendant then told Cooper he would have nothing to do with the land. It was also proved, that in the summer of 1838, in June or July, Cooper was at the house of defendant to get money on the notes ; that defendant told Cooper he was going to Mississippi to get money, and that he would pay the notes when he returned and that Cooper said if he did he would make him a title.

The title of Cooper was a bond from one Collins, from whom he had purchased ; on which purchase there was due about one hundred and forty dollars. Collins had obtained judgment for the amount, but could not make the money by execution. Cooper was considered insolvent.

The proof was contradictory, as to whether the defendant took possession of the land after the purchase or not; and also, whether Cooper had exercised ownership over it since that sale.

It was also proved by the plaintiff, that he gave the defendant notice in the summer of 1838, that he had purchased the three notes given by defendant to Cooper, and inquired if defendant had any defence to them or either of them ; and that defendant told the witness, by whom the notice was given, that he had none except a set off of between ninety and a hundred dollars ; and that he had said the same thing to the plaintiff a few days before, when he was inquiring of him about the notes for the purpose of purchasing them. This conversation was after the one between defendant and Cooper, in which

the former promised to pay all the notes on his return from Mississippi, and the latter agreed, on his doing so, to make title to the land.

It was also proved, that the defendant had never demanded another title bond.

On this testimony, the plaintiff moved the Court to charge the jury—

First: That if, by the condition of the bond, or the sale, Cooper was not to make a title until the 25th of December, 1839, that the defendant Loggins could not, by offering to pay the money before that time, demand a title, and if it was not. given, abandon the possession and rescind the contract. This charge the Court refused to give ; and charged, that the bond, if not accepted by Loggins, had no force and operation ; and that if they believed a new contract had been made, by which Cooper agreed that Loggins should pay the money and he would make title at a particular time, that Loggins had a right to rescind the sale, if Cooper have no· title and was insolvent, on offering to pay the purchase money, and title refused according to the last contract.

Second : That if the jury believed that Loggins had been notified that the notes had been assigned to the plaintiff before the demand of the title of Cooper, that then he had no legal right to demand a title of Cooper, until he had paid, or offered to pay, the plaintiff the amount due on the notes ; and that an offer to pay the money to Cooper after the notes were assigned to the plaintiff, and the defendant notified of the fact, was not such an offer of payment as would authorize the defendant to demand a title from Cooper.

Third : That if the jury believed from the evidence, that the plaintiff, before the assignment of the notes, informed the defendant that he was about to buy the notes, and inquired whether he had any defence against them, and the defendant said he had none, except a set off for ninety or a hundred dollars, and that the plaintiff purchased the notes on the faith of that declaration, that then the defendant cannot resist the payment of the notes on the ground that Cooper was unable to make title to the land.

Clements v. Loggins.

Fourth: That in this case, to authorize the defendant to demand a title from Cooper, he was bound to offer to pay the notes to the plaintiff; and that an offer to pay, or tender of the money, to Cooper, was not sufficient to authorize the defendant to demand title from Cooper.

All which charges, the Court refused to give, and the plaintiff excepted.

After the jury had retired, they returned into Court, and inquired if, in this case, the plaintiff stood in the same condition that Cooper would, if the suit had been brought by him; and whether, if the plaintiff bought the notes on the faith of the defendant's declaration, that the notes were good and he had no defence against them, made any difference. And the Court charged the jury, that the defendant was entitled to the same defence against the plaintiff that he would have if the suit had been brought by Cooper.

The jury gave a verdict for the defendant, and judgment was rendered pursuant thereto; from which this writ of error is prosecuted. The assignments of error present the questions of law arising out of the charges given and refused.

PECK and CLARKE, for the plaintiff in error, cited the decision in this case when last here. [1 Ala. Rep. 622; 9 Johns. Rep. 126; 14 ibid. 363; 16 ibid. 226; 19 ibid. 49; 1 Conn. Rep. 345.

CRABB, COCHRAN and LINDSAY, contra'

ORMOND, J.—The questions of law, which arise out of the charges given and refused by the Court, will be considered in the order they are presented in the record.

1. From the first charge which the Court refused to give, considered in connection with the charge given, it appears that the contest in the Court below was, whether the written contract, supposed to have been entered into by the defendant, was ever consummated so as to be binding on him; and whether the real contract was not a subsequent *parol* contract, entered into between Loggins and Cooper. It is obvious, that this is a question of fact; and, therefore, the Court could only be asked to determine the law hypothetically.

On the supposition that a contract was entered into between the defendant and Cooper, and that it is evidenced by the notes executed by the former, and the title bond to him by the latter, the title could not be demanded by the vendee, until the time stipulated in the bond when the title was to be made ; and a tender of the purchase money and demand of title before that period, would not entitle the vendee to a rescission of the contract. This question is not at all affected by the fact, that the title was in another at the time of the tender ; as the vendor may acquire it before he can be called on for it. Whether there may not be an exception to this rule where it is impossible for the vendor to obtain the title, it is not necessary now to inquire.

If, on the other hand, the contract between the parties for the sale of the land, was the parol contract supposed to have been entered into in the summer of 1838, then a tender of the purchase money according to its terms, and a refusal to make title, would authorize the vendee to rescind the contract.

2. As a tender of purchase money and demand of title, presupposes a right to receive the money ; and as, by the assignment of the notes to the plaintiff by the vendor, of which the defendant had notice, the vendor had deprived himself of the right to receive the purchase money, it follows that a tender to him, under such circumstances, would not authorize a rescision of the contract. The tender, to be available, should have been made to the plaintiff, who, by the assignment, became invested with all the rights of the vendor. Whether, after such demand, he would not be entitled to a reasonable time to obtain the title from the vendors, unless previous notice had been given to him of the intended tender and demand of title, it is not necessary now to determine; as no demand appears to have been made of him.

3. The maker of a note, when applied to by one intending to purchase it, to know if there is any defence against it, by admitting he has none, thereby precludes himself from afterwards setting up any defence, when sued on the note, which existed at that time, within his knowledge, as it would be a fraud on the intended purchaser. But we think he would not be precluded from making a defence which might subsequent-

ly arise out of the original contract; such, for example, as a total failure of the consideration. [See Buckner v. Stubblefield and others, 1 Wash. Rep. 386; ibid. Hoomes v. Smock, 390.] As already remarked, to permit the maker to avail himself of any defence which existed at the time of the application to him for information, would be a deceit; but if the note be purchased on the faith of a *promise*, by the maker, to pay it, he will be compelled to pay the assignee at all events, on the ground of a contract, of which the purchase of the note would be a sufficient consideration. So in this case; if the contract was rescinded after the plaintiff acquired title to the notes, from the inability of the vendor to make title, the defendant being ignorant at the time he was applied to by the plaintiff for information respecting the notes, of the inability of the vendor to make title, the failure of the consideration would be a valid defence against the notes in the hands of the plaintiff.

These views dispose of all the objections taken at the trial in the Court below; and the judgment must be reversed, and the cause remanded for a new trial.