## PLANT & Co. *vs.* VOEGELIN & VASSER.

[BILL OF INTERPLEADER.]

1. *Misjoinder of complainants.*—Where several persons join in a bill, as partners, and it appears that one of them is not entitled to relief, the bill must be dismissed as to all.

2. *Estoppel against maker of note from filing bill of interpleader.*—Where a note is purchased by a third person, before maturity, on the faith of a promise by one of the makers that it should be paid at maturity, such promise imposes on the maker a personal liability to pay the note, and estops him from joining with the other co-makers in a bill of interpleader against the purchaser and one claiming the proceeds of the note.

Plant & Co. v. Voegelin & Vasser.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellants, as partners, against
Frederick Voegelin and L. B. Vasser, to compel an inter-
pleader between the defendants respecting the title to
the proceeds of a certain note. The note in controversy
was executed by Plant & Co. to E. L. Lee, their landlord,
for a portion of the rent of a house leased by them during
the year 1854. Before the expiration of the lease, the
premises were sold under a mortgage, previously executed
by said Lee, and purchased by said L. B. Vasser, who
thereupon notified the lessees that he claimed the rent
accruing from the time of his purchase. The note given
for the rent was sold and transferred by Lee, before its
maturity, to said Voegelin, who purchased it on the faith
of a promise by Geo. F. Plant, one of the makers, that it
would be paid at maturity.

On final hearing, the chancellor dissolved the injunc-
tion, and dismissed the bill; and his decree is now assigned
as error.

GEO. D. SHORTRIDGE, for the appellants.—1. A bill of
interpleader lies, when two or more persons claim the
same thing, by different or separate interests, and the
debtor or depositary knows not which title is superior.—
3 Dan. Ch. Pr. 1753. If a landlord, subsequent to the
lease, gives color of title to another, a bill of interpleader
is the proper remedy for relieving the tenants from the
embarrassments into which they may thereby become en-
tangled.—Contan v. Williams, 9 Vesey, 107.

2. The defense set up by Voegelin, upon which the
chancellor rests his decree, was not enough. It does not
estop the complainants from setting up a defense to the
note which arose subsequently.—Clements v. Loggins,
2 Ala. 514; Maury v. Coleman, 24 Ala. 381.

3. Conceding that the chancellor is correct in his
views as to the rights of Voegelin, the injunction should
not have been dissolved against Vasser.

WM. M. BYRD, for defendant Voegelin.—1. Vasser can only claim rent from the date of his purchase, while the note was given in part payment of rent for the whole year. There is, then, a consideration for the note, as between Voegelin and the complainants, which he is entitled to recover in any event; that is, the rent which accrued before Vasser's purchase.

2. But the pleadings and proof show that Voegelin is entitled to recover the whole amount of the note, because he purchased it on the faith of Plant's promise that it should be paid.—Lanier v. Hill, 25 Ala. 554; Drake v. Foster, 28 Ala. 650.

JNO. T. MORGAN, and GEO. P. BLEVINS, for defendant Vasser.

RICE, C. J.—The bill being filed by five persons, as co-complainants and partners, if it appear that one of them is not entitled to relief, the bill must be dismissed. Wilkins v. Judge, 14 Ala. 135; Cochran v. Cunningham, 16 Ala. 448.

It appears that the defendant Voegelin received the note in controversy, before it maturity, from said Lee, in payment of a debt Lee owed him; and that he thus received it, *on the faith of a promise by the complainant Plant, that it should be paid when due.* The note having been thus purchased by Voegelin on the faith of that promise, it is clear upon authority that Plant, by that promise, came under a personal liability to Voegelin, independent of the title to the property or to the debt for the rent in question, and which cannot be affected by any decision that may be made as to the title. Although Plant and his co-complainants, in the absence of such promise, may have had a perfect defense against the debt for the rent, yet, as the promise of Plant induced Voegelin to purchase the note for the rent, that promise imposed upon Plant a personal obligation to pay the note to Voegelin at all events, "on the ground of a contract, of which the purchase of the note" was a sufficient consideration.—Clem-

ents v. Loggins, 2 Ala. 514; Lanier v. Hill, 25 Ala. 554; Drake v. Foster, 28 Ala. 649.

As applicable to, and decisive of the present suit, we adopt the views of the Lord Chancellor expressed in Crawshay v. Thornton, 2 Myl. & Cr. 1, in the following words: "The case tendered by every such bill of interpleader ought to be, that the whole of the rights claimed by the defendants may be properly determined by litigation between them, and that the plaintiffs are not under any liabilities to either of the defendants beyond those which arise from the title to the property in contest; because, if the plaintiffs have come under any personal obligation, independently of the question of property, so that either of the defendants may recover against them at law, without establishing a right to the property, it is obvious that no litigation between the defendants can ascertain their respective rights as against the plaintiffs; and the injunction, which is of course if the case be a proper subject for interpleader, would deprive a defendant, having having such a case beyond the question of property, of part of his legal remedy, with the possibility, at least, of failing in the contest with his co-defendant; in which case, the injunction would deprive him of a legal right, without affording him any equivalent, or compensation. Such a case, undoubtedly, would not be a case for interpleader. A party may be induced by the misrepresentation of the apparent owner of property, to enter into personal obligations with respect to it, from which he may be entitled to be released by a court of equity; but such a case could not be a subject of interpleader between the real and pretended owner. In such a case, the plaintiff would be asserting an equity for relief from a personal contract against one of the defendants, with which the other would have nothing to do."—See, also, Suart v. Welch, 4 Myl. & Cr. 315; Hoggart v. Cotts, 1 Cr. & Ph. 197; Crawford v. Fisher, 1 Hare, 441; Dungey v. Angove, 2 Vesey, jr. 310; Story's Eq. Jur. § 812.

We have deemed it unnecessary to decide whether the promise made to Voegelin by Plant binds his copartners as well as himself. Conceding it does not, it certainly

binds him. And as that promise imposes upon him a personal liability to pay the note to Voegelin, independently of the question of the right of either- defendant to the rent in question, it operates as a bar to any relief so far as Plant is concerned. And as it bars him, it bars his partners who have joined him as a complainant with them, and must in this suit abide by his acts.

A bar to the relief sought was made out. The bill was properly dismissed; and the decree is affirmed, at the costs of the appellants.