# REED *vs.* SCOTT.

[ACTION ON PROMISSORY NOTE.]

1. *Variance.*—Under a complaint on a promissory note, an instrument under seal, corresponding in other respects with the note declared on, is not admissible evidence.
2. *Distinction between debt and assumpsit.*—The distinctions between the actions of debt and assumpsit are obliterated by the Code, which makes the judgment the same for causes of action which, at common law, were recoverable in either action.
3. *Amendment of complaint.*—In an action on a promissory note, the complaint may be amended by correctly describing the instrument as a bond, or writing under seal.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. E. W. PETTUS.

THE complaint in this case was as follows :
"John C. H. Reed ⎞ The plaintiff claims of the de-
 *vs.* ⎟ fendants the sum of $842 40, due
Nathaniel J. Scott, ⎟ by promissory note, made by them
James F. White. ⎠ and Wm. F. Davis, J. W. W.
Drake, J. W. Kidd, and F. W. Dillard, on the 1st January, 1852, and payable twelve months after the date thereof, with interest thereon, to one J. T. Davis, by whom said note was endorsed, before the commencement of this suit, to the plaintiff."

On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence an instrument in writing which corresponded in every respect with that described in the complaint, except that it was under seal. The defendants objected to its admission, on account of this variance ; and the court sustained the objection. The plaintiff then asked leave to amend his complaint, "so as to describe said note, or instrument in writing, as under seal"; but the court refused to allow the amendment to be made. In consequence of these two rulings of the court, to each of which an exception was reserved, the

plaintiff was compelled to take a nonsuit, which he now moves to set aside.

CLOPTON & LIGON, for appellant.

ELMORE & YANCEY, *contra.*

WALKER, J.—The distinction between sealed and unsealed instruments is not altogether destroyed by the Code. To the word promissory note the law attaches a distinct meaning, which does not include a bond, or instrument under seal. Under the mercantile law and the statute of Anne, it was held, that the instrument's being under seal deprived it of its character of a promissory note, and, consequently, of its negotiable character.— Sayre v. Lucas, 2 Stewart, 259; Clark v. F. M. C. of Benton, 15 Wendell, 256; 1 Chitty on Pl. 15; Story on Bills, 76, § 61; Story on Prom. Notes, 56, § 55; Farmers' & Mechanics' Bank of Phila. v. Greiner, 2 S. & R. 114. A bond is sometimes designated as a note *under seal,* and bill single is sometimes used to designate indiscriminately an instrument without condition, whether with or without a seal.—5 Com. Digest, 194, *Obligation, C;* Bouvier's Law Dic., *Bill Single.* But a bond cannot, with strict legal propriety, be termed a promissory note; and they have always been distinguishable in the incidents which attach to them. The instrument sued upon, being described as a promissory note, was not the instrument offered in evidence, because the latter is a bond. The court did not, therefore, err in the rejection of the evidence when offered.

In the case of Harris v. Hillman, 26 Ala. 380, this court approved the action of the circuit court, in refusing to allow an action for the recovery of a slave, corresponding with the old action of detinue, to be changed by amendment into an action for the recovery of damages for the conversion of the slave. It is remarked in the decision of that case, that the Code has carefully preserved the well-known boundaries of the actions of trover and detinue; that the judgments in the two actions are different, and that the same testimony will not, in all cases, sustain

both actions. On the contrary, the Code has obliterated the boundary lines between the actions of debt and assumpsit; and the judgment for causes of action which, at common law, were recoverable under those different forms of action, is under the Code the same. Therefore, the reasoning upon which the decision of Harris v. Hillman is based, has no application to the question of amendment in this case. Following the late decisions of this court in the cases of Crimm's Adm'rs v. Crawford, and Farrow v. Smith, at the last term, we must hold, that the circuit court erred in refusing to permit the plaintiff to amend his complaint, by inserting a correct description of the instrument sued on.

Judgment must be here rendered, setting aside the nonsuit in the court below, and the cause must be remanded.

RICE, C. J., not sitting.