## CLOUD *vs.* WHITING.

[ACTION ON PROMISSORY-NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Estoppel*en pais *against maker, from setting up defenses against assignee of note.*—Where the maker of a promissory note, in response to an inquiry by one who is about to purchase it, states that he has no defense against it, this does not preclude him from setting up against such purchaser a defense subsequently arising out of the original contract, a. g., a total failure of consideration; but, where the note is purchased by the assignee on the faith of a promise by the maker to pay it, the latter is thereby estopped from asserting the invalidity of the note as between himself and the payee; either on the ground of fraud, or subsequent failure of consideration, and will be compelled to pay the assignee at all events.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. S. D. HALE.

THIS action was brought by John Whiting, against N. B. Cloud and A. Underwood; and was founded on the defendants' promissory note for $3,240, dated the 1st June,

1856, and payable twelve months after date, to the order of M. P. Blue, by whom it was endorsed to the plaintiff. On the trial, as the bill of exceptions states, " the plaintiff read to the jury the note sued on, and then proved that, about the 6th June, 1856, the defendants came to him, together with M. P. Blue, the payee of the note, and requested him to take said note from Blue, and to credit a judgment which he had against Blue and another person, on account of said note, with the sum of $3,000, and also to advance to defendants the sum of $2,500,—promising him that, if he would do so, they would repay said $2,500 on the 1st January then next, and would probably pay the note at the same time, from funds which said Cloud expected to draw from his father's estate, but would certainly pay the note at maturity ; that plaintiff assented to this, advanced the $2,500 to defendants, and credited said judgment with $3,000 as a payment, as requested and agreed on. The facts above stated were admitted by the defendants; and the plaintiff admitted that the $2,500, so advanced by him, was repaid by the defendants before the commencement of this suit. The defendants introduced evidence tending to show, that said note was given by them to said Blue for the purchase of certain goods and chattels bought by them from him about the 1st June, 1856 ; that said Blue represented to them, at the time said contract was made and said note given, that said goods and chattels were free from all incumbrances ; that they believed and relied on said representations, and would not have made the purchase but for such representations ; that an execution, issued on a judgment rendered by the circuit court of Montgomery, was at that time in the hands of the sheriff of said county, and had been levied by him on said goods and chattels, and said Blue had given his consent in writing that the same might be sold by the sheriff without advertisement ; that the said goods were afterwards sold by the sheriff, under an *alias* execution issued on said judgment ; and that said defendants, at the time they purchased said goods and chattels, had no knowledge or infor-

mation of said judgment, execution, or levy." This being all the evidence, the court charged the jury, in substance, that if they believed plaintiff bought the note, advanced the $2,500 to defendants, and entered a credit of $3,000 on the judgment, as above stated, " on the faith of a promise by the defendants to repay said $2,500 on the 1st January next thereafter, and to pay said note at the same time probably, but certainly at its maturity," then they must find for the plaintiff. This charge, to which the defendants excepted, is now assigned as error.

ELMORE & YANCEY, for appellants.
WATTS, JUDGE & JACKSON, contra.

R. W. WALKER, J.—Where the maker of a note is inquired of by one wishing to purchase it, whether he has any defense against it, and answers that he has none, this estops him from afterwards setting up any defense which existed at the time, within his knowledge, but he does not thereby preclude himself from making a defense subsequently arising out of the original contract; such, for example, as a total failure of the consideration. When, however, the note is purchased by a third person on the faith of a promise by the maker to pay it, the latter is thereby estopped from setting up the invalidity of the note as between himself and the payee, whether on the ground of fraud in the original contract, not known to the maker at the time of such promise, or of subsequent failure of consideration; and will be compelled to pay the assignee at all events.—*Clements v. Loggins*, 2 Ala. 514; *Maury v. Coleman*, 24 Ala. 381; *Lanier v. Hill*, 25 Ala. 554; *Drake v. Foster*, 28 Ala. 654; *Plant v. Vogelin*, 30 Ala. 160; *Powers v. Talbott*, 11 Ind. 1; *Rose v. Wallace*, ib. 112.

Judgment affirmed.