49 163
103 426

# Grace *v.* McKissack.

*Trover for Conversion of Mule.*

1. *Estoppel en pais.* — Where personal property is sold and delivered to the purchaser, with the understanding that the title is to remain in the vendor until the purchase money is paid, or secured by mortgage; and a third person, desiring to trade for the property with the purchaser, informs the vendor of that fact, and asks if he has any mortgage on the property; and the vendor replies, "that he has no mortgage, and does not expect to have any," and does not disclose his title or claim, — he is estopped from setting up his title against such third person, who bought the property on the faith of his said statements.

[Grace *v.* McKissack.]

2. *Bill of exceptions ; execution, and contents.* — If the presiding judge, in making up a bill of exceptions, incorporates into it, against the objection of the party excepting, the charges which were given by the court without objection, as well as those which were refused, this is matter of discretion, and is not revisable by the appellate court.

3. *Verdict ; what is revisable.* — Regularly, the jury ought to be kept together until they agree on their verdict, and the verdict ought to be reported to the court ; but how and when this shall be done is matter of discretion, and is not revisable on error, unless the party complaining affirmatively shows injury.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. McCALEB WILEY.

W. C. OATES, for appellant.

J. G. COWAN & F. M. WOOD, *contra.*

PETERS, J. — This is an action of trover for a mule. The appellee, who was plaintiff in the court below, recovered a judgment for the value of the mule, assessed by the jury at one hundred and twenty-five dollars. From this judgment, Grace, the defendant in the court below, appeals to this court. Such of the errors assigned as it is necessary to consider will be noticed below.

The cause was tried by a jury in the court below. On the trial, there was evidence offered by the plaintiff tending to show that the mule sued for once belonged to the plaintiff McKissack, and that McKissack sold and delivered it to one Wright, upon condition that the mule was to remain the property of the vendor until it was paid for, or until Wright gave the vendor a mortgage on the mule, and on his crop that he proposed to raise in 1871, to secure the payment of the purchase money for the mule. The mule had been delivered to Wright under this contract. And the defendant, said Grace, offered evidence tending to show that while Wright had the mule in his possession, he proposed to swap the mule to Grace. Upon this Grace informed McKissack that he had an idea of trading for the mule with Wright. McKissack made no objection to the trade proposed. After this, upon two occasions, Grace asked McKissack if he had any mortgage on the mule, or any claim upon it, and he replied, that he " had no mortgage on him and did not expect to have any." It is not stated when this occurred, but on the 16th day of March, 1871, Grace swapped mules with Wright, and gave him forty-five dollars to boot, and paid the same in money. Some three weeks after this, Wright ran away. McKissack then offered to buy the mule in suit from Grace, for two hundred dollars. McKissack never told Grace that the mule was his, nor that he had any claim to it whatever, until after Wright was gone. There was much other evidence to a similar effect, which it is unnec-

[Grace *v.* McKissack.]

essary to recite. On this evidence, the defendant in the court below asked the court to charge the jury, " That if the jury believe, from the evidence, that defendant Grace told the plaintiff that he, defendant, had an idea of trading for the mule from Wright, and also asked the plaintiff on two occasions before swapping for the mule, if he, plaintiff, had any mortgage on it, and was answered by the plaintiff ' that he had no mortgage on said mule, and did not expect to have any ; ' that it was the duty of said plaintiff to inform defendant of whatever claim he did have, or may have had upon said mule ; and if the evidence shows that he failed to do so, and the jury also believe from the evidence that the defendant, from what plaintiff said to him, was induced to trade for the mule, then the plaintiff is not entitled to recover, and they must return a verdict for the defendant." This charge was refused, and the defendant excepted.

1. This charge is evidently intended to interpose the defence of estoppel *in pais ;* that is, estoppel by the acts and conduct of the plaintiff. This is very clearly a legitimate defence. *Brooks* v. *Martin,* 43 Ala. 360 ; *McCravey* v. *Remson,* 19 Ala. 430. In *Clements* v. *Loggins* (2 Ala. 518), in a case involving a like principle with this, it is said by Mr. Justice ORMOND, " That the maker of a note, when applied to by one intending to purchase it to know if there is any defence against it, by admitting he has none, thereby precludes himself from afterwards setting up a defence, when sued on the note, which existed at that time within his knowledge, as it would be a fraud on the intended purchaser." 2 Ala. 514, 518. For like reason, in the case at bar, the plaintiff, when applied to by the defendant in the court below, to know whether he had any mortgage on the mule, or any claim upon it for the purchase money, should have disclosed it. It was his own fault, if not fraudulent, to conceal it. The charge asked was proper, and should have been given.

I have looked over the charges given by the court, which were inserted in the bill of exceptions against the objection of the defendant below, and do not find any one of precisely similar import. The judgment will, therefore, have to be reversed for this error. The second charge asked by the defendant was properly refused. It confines the conclusions of the jury to a partial view of the testimony delivered on the trial, when the proposition of law announced in it had reference to all the proofs. It makes the proof of a single fact in the case — to wit, the failure to insert the mule in the mortgage prepared by the witness Kelly — conclusive of the case. There was other testimony, which tended to give another view of the case, which this charge ignored, and it was calculated to mislead the jury.

[Grace *v.* McKissack.]

2. The point attempted to be raised by the learned counsel for the appellant, as to the practice of making up the bill of exceptions, does not present any question of error. This is left by the statute to the discretion of the presiding judge. Chapter 11 of Part 3, in Title 1, of the Revised Code, gives the rules of law for preparing bills of exception. Rev. Code, p. 544. If properly prepared and tendered, it is the duty of the presiding judge to sign the bill of exception so prepared and tendered. This court cannot presume that a circuit judge will fail to discharge his duty. If, however, such a case should occur, it is not without remedy. If the judge fail, or refuse, to sign a bill of exceptions, the point or decision and the facts being truly stated, this court, upon a proper application, will receive evidence of the facts actually occurring in the court below, and establish the same without the signature of the presiding judge. Rev. Code, § 2758. I am not prepared to say that the party tendering a bill of exceptions has any right to complain that the judge causes to be inserted in it all the charges that he may have given to the jury, which were not excepted to by the party complaining. Of such charges he certainly cannot complain on error, when they have not been excepted to ; and besides, such charges may be identical in substance with such as the party is seeking to have repeated. Charges which are mere repetitions of charges already plainly given may be refused. *Rivers* v. *Thompson*, 46 Ala. 335. There was, then, no error in inserting the charges already given by the court in the bill of exceptions. This court will compare such charges with the charges asked and refused, and see that the practice be kept from any possible injury to litigants in the inferior court; but it cannot interfere in so delicate a matter as the exercise of a control over the legal discretion of the judges of any court in the State.

3. The error assigned upon the refusal of the motion to set aside the verdict in the court below is not well taken. In a civil suit, this is also a matter of discretion, unless the party complaining show injury, or the violation of some legal right. Irregularities in the conduct of the jury, in such cases, may be grounds for a new trial. But the refusal or denial of a new trial is matter of discretion, and cannot be reached on error. Shep. Dig. p. 698, § 9 ; *Spence* v. *Tuggle*, 10 Ala. 538. Regularly, the jury should not be permitted to separate until they have delivered their verdict ; and the verdict should be delivered to the court. 3 Bla. Com. pp. 375, 376 ; 4 Bla. Com. 360, 361 ; 10 Bac. Abr. p. 306, *Verdict.* But how or when it shall be reported to the court is, necessarily, often a matter of discretion ; and unless this discretion is abused, to the injury of the party complaining, there is no ground for error. *Wright*

[Garner v. Foster.]

v. *Burchfield*, 3 Ohio, 53; *Hager* v. *Hager*, 38 Barb. 92; *Smith* v. *Thompson*, 1 Cowen, 221; Hilliard on New Trials, p. 52. In this assignment there is no error.

But for the error first above mentioned, the judgment of the court below is reversed, and the cause is remanded.