# Knapp's Executor *v.* Kingsbury.

### *Action on Foreign Judgment.*

*Distinction between assumpsit and debt; amendment of complaint.* — The Code abolishes the distinction, existing at common law, between the actions of debt and assumpsit, and makes the judgment the same for causes of action recoverable in either form; consequently, an amendment of the complaint, which would convert the action from one form into the other, though unnecessary, is allowable.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. P. O. HARPER.

This action was brought by Benjamin D. Wright, as the executor of the last will and testament of C. P. Knapp, deceased, against John Kingsbury ; the complaint being in these words : " The plaintiff, as executor aforesaid, claims of the defendant five hundred dollars damages ; for that whereas, on the 22d day of October, 1870, the plaintiff recovered of the defendant, by the judgment of the county court of Escambia county, in the State of Florida, the sum of one hundred and sixty-three dollars and sixty-five cents, and also the further sum of twenty-four dollars and sixty-five cents, costs of suit, as appears from the record and proceedings of said court ; which said judgment still remains in full force, and unsatisfied, together with the interest thereon ; wherefore plaintiff sues for five hundred dollars damages as aforesaid.  And plaintiff avers, that said county

court of Escambia is, and was when said judgment was rendered, a court of record of the State of Florida, and had jurisdiction to render said judgment." The court sustained a demurrer to this complaint, because it was in assumpsit instead of debt. The plaintiff then asked leave to amend his complaint, by striking out the word " damages," and inserting these words, " which he owes to, and unjustly detains from the plaintiff." The court refused to allow the amendment, and the plaintiff excepted to the refusal. In consequence of these rulings of the court, the plaintiff took a nonsuit ; and he now assigns as error the judgment on the demurrer, and the refusal to allow the amendment.

HERBERT & BUELL, for appellant.

JUDGE & HOLTZCLAW, contra.

BRICKELL, J. — The demurrer to the complaint was improperly sustained. The common-law distinction between the actions of debt and assumpsit is not preserved, but is obliterated by the Code. In either action, the form of judgment is now the same. It may be for the debt, and damages by way of interest for its detention ; or it may be for damages only, including debt and interest. Reed v. Scott, 30 Ala. 640. The complaint was good, and no amendment of it was necessary. If the amendment proposed only to meet the objection urged, and to convert the complaint into a common-law count in debt on a record, it should have been allowed. Reed v. Scott, 30 Ala. 640.

The nonsuit is set aside, the demurrer overruled, and the cause remanded.