# McCrummen *v.* Campbell.

*Action on Promissory Note, and on Common Counts.*

1. *Common counts; sufficiency of.*—A count which claims $143 "due by account," without any other averment of consideration, is of doubtful sufficiency; but a count which claims that sum "due for labor and mechanical labor to date," though informal, is sufficient.

2. *Joinder of special and common counts; waiver of exemptions in note.*—A special count on a promissory note, alleging that it contains a waiver of exemptions, can not be united with the common counts; and a demurrer being interposed on account of the misjoinder, the plaintiff should be put to his election.

3. *Variance in description of note.*—In an action on a promissory note, an instrument under seal, corresponding in other particulars with the note described, is not admissible as evidence.

APPEAL from the Circuit Court of Coffee.
Tried before the Hon. J. M. CARMICHAEL.

W. D. ROBERTS, for the appellant.
VOL. LXXXII.

STONE, C. J.—1. The complaint in the present case contains a special count on a promissory note, describing it, and adding the words, "The plaintiff avers that the defendant waived his right to the benefit of exemptions, and such waiver is plainly inserted in the face of said note." The complaint contains two other counts, in form common counts, which contain no averment of waiver of exemptions. The first of the common counts claims " one hundred and forty-three dollars due by account." This count contains no averment of consideration, and it is questionable if it is sufficient. The second common count is for " one hundred and fifty dollars due for labor and mechanical labor." This is a good count, though informal.

2. There was a demurrer to the complaint, assigning as one of the grounds a misjoinder of counts, in this, that it united in one action a claim containing a waiver of exemptions, with another claim containing no such waiver. The judgment on these two several causes of action is essentially different, and it was consequently error to unite them in one suit. The demurrer for misjoinder of counts ought to have been sustained, and the plaintiff put to his election as to which claim he would prosecute.

3. The special count describes the cause of action as a promissory note. It is an instrument under seal, usually called a bond, or bill single. There was a variance between the averment in the complaint, and the contract offered in evidence, which required its rejection, when objected to.—*Reed v. Scott*, 30 Ala. 640. It will be necessary to amend the complaint, so as to give to the cause of action its proper designation.

It is shown that Campbell first sold to McCrummen, made him a deed, and took from him a bond or bill single for one hundred and seventy-five dollars, balance of the purchase-money. McCrummen then sold back to Campbell, and put him in possession, but made him no deed. Whether or not he gave him any written obligation to make title is not shown. This unascertained relation between the parties may exert an important influence in their relative rights, which renders it difficult to pronounce advisedly on the propriety of giving or refusing the charge asked. 1 Brick. Dig. 141, §§ 75, 76; *Ib.* 144, §§ 129, 131, 132; *Lea v. Cassen*, 61 Ala. 312; *Harper v. Clayton*, 62 Ala. 46; *Flinn v. Barber*, 64 Ala. 193; *Houston v. Hilton*, 67 Ala. 374.

Reversed and remanded.