# Gary *et al.* v. Woodham *et al.*

### *Statutory Action of Ejectment.*

1. *Adverse possession; continuity essential.*—Continuity is an essential element of adverse possession; but if, after the purchase of lands, there is, for only a short and reasonable time, between the abandonment of the premises by the vendor and the putting of a tenant in possession by the purchaser, no actual occupancy of said lands, this constitutes no interruption of the continuous possession necessary to complete a bar of the statute of limitations.

2. *Same.*—Where, after the sale of agricultural lands in December, they remain unoccupied for the two months following, at which time the tenant of the purchaser took possession, there having been no intention on the part of the purchaser to abandon possession, such interruption of actual occupancy of said lands does not break the continuity of possession.

3. *Charge of the court to the jury; giving affirmative charge after submitting right of defendant to recover, not erroneous.*—Where, after the court, at the instance of the plaintiff, has given a charge which submitted to the jury the inquiry whether the defendant had made good his defense, it is not error for the court, at the request of the defend-

ant, to give the general affirmative charge in his behalf, if the latter charge is otherwise justified by the evidence in the case.

4. *Oral verdict of jury sufficient.*—An oral verdict by a jury is sufficient; and where, after the return of such a verdict, the court requires the jury, which was still in attendance on the court, to return a written verdict, such action of the court, although superfluous, is not vitiating.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory action of ejectment, brought by the appellants against the appellees, for the recovery of certain specifically described lands, and was commenced September 23, 1892. Issue was joined upon the separate pleas of each of the defendants of adverse possession for more than ten years.

The testimony introduced tended to show, that in the year 1854 a patent to the lands sued for was issued by the United States Government to the plaintiffs' father, who had since died, and that the plaintiffs are his rightful heirs. In October, 1881, one Price, sold and conveyed by proper deeds the lands in controversy, with other adjoining lands, to one Hutto, who went into possession, and in the early part of the following spring of 1882, built a house on said land, cleared about ten acres of it, and continued in possession thereof until December 29, 1885, when he sold and conveyed the said lands to one Hawley. The other facts are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charge: "If the jury believe from the evidence that the defendants and those under whom they hold, combined, have not had the actual and continuous possession of the land sued for, for the whole period of ten years, they must find for the plaintiffs." Afterwards, at the request of the defendants, the court instructed the jury that "If they believe the evidence they must find for the defendants," and to the giving of this charge the plaintiffs duly excepted.

The bill of exceptions contains the following recital: "The plaintiffs' counsel then prepared and tendered to the court a bill of exceptions in the case, and the court suggested some amendments thereto, promised said counsel to rewrite the bill of exceptions and send it to him

[Gary *et al.* v. Woodham *et al.*]

(said counsel) that he (said counsel) might make such other or further suggestions as he thought proper. After which said counsel left and took away with him the file of papers in the case and afterwards discovering, on examination of the papers, that there was no verdict of the jury among them, at a subsequent day of the term, after the term allowed by law to the civil docket had expired, and the criminal docket had been taken up, to-wit, on the 1st day of September, spread a motion on the docket for a new trial." The grounds of this motion for a new trial were, 1st, because the case was not given to the jury, and the jury did not make up and render a verdict in said case; 2d, because the general affirmative charge, given by the court for the defendant, destroyed the effect of, and was repugnant to, a charge which the court had already given for the plaintiffs. The bill of exceptions then continues: "After this motion was entered the court re-assembled the same jury who had had the case before them and directed them to return and consider their verdict in accordance with the instructions the court had given them on a previous day, to-wit, on the 28th day of August, which was, if they believe the evidence they must find for the defendants. To this action of the court, plaintiffs objected, and upon the court overruling their objections, plaintiffs excepted. The court also overruled plaintiffs' motion for a new trial, and plaintiffs duly excepted. The jury that had the case before them were engaged in the trial of other cases between the 28th of August, the time that the evidence was introduced before them, and the time when they were re-assembled and instructed to render their verdict for the defendants."

There was judgment rendered for the defendants, and the plaintiffs appeal, and assign as error the ruling of the court upon the charges asked, and the overruling by the court of the plaintiffs' motion for a new trial, and the reassembling of the jury, and compelling a verdict by them, as shown above.

LAWRENCE H. LEE, for appellant.—When a party claims land upon the strength of a deed from another person other than the true owner, his holding is adverse only from the time he enters upon and takes possession of the land.—*Lucy v. Tenn. & Coosa R. R. Co.*, 92 Ala.

[Gary *et al.* v. Woodham *et al.*]

246; *Black v. Tenn. C., I. & R. R. Co.*, 93 Ala. 109; *L. & N. R. R. Co. v. Philyaw*, 88 Ala. 264.

The defendant had no right to tack Hutto's possession to Hawley's to make up the statutory period of ten years adverse holding, unless Hawley had taken actual possession of the land at the time Hutto conveyed to him. *L. & N. R. R. Co. v. Philyaw*, 88 Ala. 264; *Jackson v. Camp*, 1 Cow. 605; *Woods v. Dille*, 11 Ohio, 455.

J. G. Cowan, *contra*, cited *Hughes v. Anderson*, 79 Ala. 209; *Bell v. Denson*, 56 Ala. 444.

McCLELLAN, J.—This is a statutory action for the recovery of land. Plaintiffs' original title is not controverted. But defendants claim title by adverse possession in themselves and those through whom the possession came to them for a period of more than ten years before suit brought. This possession was at all times under color of title transmitted from one to another of those whose possession is sought to be tacked on to that of defendants by conveyances formally adequate to pass title. The only question raised in this regard has reference to the *continuity* of the possession; and that upon the following facts: The first disseisor, one Hutto, cleared a part of the land, built a house upon it, and resided therein and cultivated the cleared land for several years. He then, on the 29th day of December in the year 1885, sold and conveyed the premises to Hawley. Hawley did not live near the land and did not, it appears, buy it for the purpose of making his home upon it. Shortly after this sale Hutto moved off the premises and they were unoccupied during the months of January and February, 1886. Toward the end of the last named month Hawley rented the place for the year 1886 to Carr, who in person or by his tenant went into the occupation thereof immediately after this rental from Hawley, and lived and made a crop upon it during 1886. The circuit court in effect held that this interruption of actual occupation did not break the continuity of the possession relied on by the defendants; and we are constrained by the authorities to concur in this view. The land was purely agricultural in character. It was at the time of this gap in the occupancy claimed by Hawley who lived away from it, and did not contemplate occupying it himself but only

through tenants. The only use such tenants could make
of the premises was to raise crops thereon. The posses-
sion actually taken the latter part of February was as
conservative of this use as had it been taken the first of
January or on the day of sale in the preceding December.
The sale and transfer of possession by Hutto to Hawley
reasonably, if not necessarily, involved some period of
time during which there was no actual occupation.
Such periods thus incident to or occasioned by changes
of possession, or by the substitution in the possession of
one tenant for another from year to year, and which are
not of longer duration than is reasonable in view of the
character of the land, and the uses to which it is adapted
and devoted, do not constitute interruptions of possession
destroying its continuity in legal contemplation, when,
as here, there is no intention of abandoning the posses-
sion. They are but incidents of that continuous posses-
sion which the land inherently and in relation to the
manner of its use admits of, and come within the prin-
ciples declared by this court in *Bell v. Denson*, 56 Ala. 444,
and *Hughes v. Anderson*, 79 Ala. 209 ; and in the follow-
ing cases in other courts, the first three of which are
very like the present case on the facts :   *Hudgins v. Crow
et al.*, 32 Ga. 367 ; *Stettnische v. Lamb*, 26 N. W. Rep. 374;
*DeLa Vega v. Butler*, 47 Tex. 529 ; *Crispen v. Hannavan*,
50 Mo. 536 ; *Fugate v. Pearce*, 49 Mo. 441 ; *Harper v. Tap-
ley*, 35 Miss. 506. These decisions proceed on the idea
that notwithstanding such interruptions of actual occu-
pation there is in fact no interruption of such actual
possession as the land is reasonably susceptible of ; and
they are, therefore, not in conflict with that line of adju-
dications by this and other courts to the effect that the
continuity of an adverse holding is broken by the *aban-
donment of possession*—such possession as the premises
admit of—for any—however short a period of time, even
when there is an intention of resuming it.—*Louisville &
Nashville R. R. Co. v. Philyaw*, 88 Ala. 264, and cases
there cited.

On the principles we have declared, the evidence was
without conflict to the establishment of the defense of
adverse possession for ten years before suit brought in
the defendants, and the court properly gave the affirma-
tive charge, with hypothesis, in their favor.

The fact that the trial court before the general charge

was requested by the defendants had given an instruction at plaintiff's instance which submitted to the jury the inquiry whether the defendants on the evidence had had ten years adverse possession, can not put the court in error in respect of afterwards giving the affirmative charge for the defendants, and this is true whether there was inconsistency between the two instructions or not. The court had no right under the statute to give this charge for defendants until it was specially requested, and until the request was made the trial judge had no option but to submit the whole question to the jury; but his doing so did not cut off the defendant's right to have the jury directed to find in their favor if they believed the evidence, if they were otherwise entitled to this direction.—L. & N. R. R. Co. v. Markee, ante, p. 160; L. & N. R. R. Co. v. Hurt, 101 Ala. 34.

We gather from the bill of exceptions that the verdict was originally returned *ore tenus* by the jury to the court. This was sufficient.—*State v. Underwood*, 2 Ala. 744. And the action of the court, upon its being found that no written verdict was in the file, in having the jury, which was still in attendance, return a written verdict was superfluous, and obviously not vitiating. And we are not prepared to say that had no verdict been originally returned the matter would avail the appellants since they show no injury resulting therefrom.—*Grace v. McKissack*, 49 Ala. 163.

We find no error in the record, either upon the trial or upon the motion for a new trial, and the judgment of the circuit court is affirmed.