# Davis *v.* McWhorter.

*Action upon a Bond.*

1. *Action upon a bond; not sustained by proof of promissory note.*
　　Where a complaint declares upon a bond, but the proof shows that the instrument was a promissory note, there is a fatal

[Davis v. McWhorter.]

variance between the averment of the complaint and the evidence in the case, which precludes the plaintiff's recovery.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellee, E. R. Mc-Whorter, against J. F. Davis and J. L. Davis; and counted upon a bond executed by the defendants on July 14, 1897, payable to the plaintiff November 1, 1897. The facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff. The defendants appeal, and assign as error the rendition of judgment in favor of the plaintiff.

COLEMAN & BLACKMON and D. D. McLEOD, for appellant.—Judgment should not have been rendered in favor of plaintiff. There is no evidence in the record that McWhorter had a bond of Davis. The instrument sued upon was lost, and the witness Shackelford undertook to give the form and contents, *in hacc verba*, &c. His description is that of a simple promissory note. It is the same thing as if plaintiff had offered in evidence an instrument in the form of a promissory note. This was a variance such as would have entitled defendant to the affirmative charge, if it had been a jury trial.—*Reed v. Scott*, 30 Ala. 640; *Mc-Crummen v. Campbell*, 82 Ala. 566; *Muse v. Dantzler*, 85 Ala. 359; *Phillips v. Americus Guano Co.*, 110 Ala. 521.

THOS. H. SHACKELFORD and BLACKWELL & KEITH, *contra*.

TYSON, J.—The complaint declared on a bond alleged to have been executed by the defendants on the 14th day of July, 1897, and payable on the 1st day of November, 1897, in which the defendants agreed to pay a reasonable attorney's fee for its collection. The instrument sued on was lost after this suit was commenced

[Davis v. McWhorter.]

and after the trial in the justice court. Upon the trial in the city court upon appeal the attorney for the plaintiff was examined to prove its contents. It appears from his testimony that he had the paper sued upon in his possession at the time he drew the complaint, and that it was introduced in evidence upon the trial before the justice of the peace. The contents of the paper as established by his evidence, which was undisputed, was a promissory note executed July 1, 1897, and due on or by October 1st next.

A bond is an instrument under seal and varies in other respects from a promissory note. "The distinction between sealed and unsealed instruments is not altogether destroyed by the Code. To the words promissory note the law attaches a distinct meaning which does not include a bond or instrument under seal. Under the mercantile law and the statute of Anne, it was held, that the instrument being under seal deprived it of the character of a promissory note, and consequently of its negotiable character. A bond is sometimes designated as a note under seal, and bill single is sometimes used to designate indiscriminately an instrument without condition, whether with or without a seal. But a bond cannot, with strict legal propriety, be termed a promissory note, and they have always been distinguishable in the incidents which attach to them."—*Reed v. Scott*, 30 Ala. 640; *Muse v. Dantzler*, 85 Ala. 359; *McCrummen v. Campbell*, 82 Ala. 566.

Had the cause been tried by the court with a jury, the defendants would have been entitled to have the court instruct the jury affirmatively to return a verdict for them, and its refusal to have done so would have been error for which this court would have reversed the judgment.—*Phillips v. Americus Guano Co.*, 110 Ala. 521.

This cause was tried by the court without a jury, and we are authorized to render such judgment as the lower court should have rendered. But as the plaintiff may amend his complaint if he chooses to do so, to properly describe his cause of action, we will reverse and remand the cause so as to afford him this opportunity.

Reversed and remanded.