(102 So. 371)

## Ex parte FIRST NAT. BANK OF OZARK.
### (4 Div. 160.)

(Supreme Court of Alabama.   Oct. 9, 1924.
Rehearing Denied Dec. 4, 1924.)

Bills and notes ⬚489(7)—Complaint alleging promissory note supported by proof of promissory note under seal.

Under Uniform Negotiable Instruments Law (Code 1923, § 9034, subd. 4), providing that validity and negotiable character of instruments are not affected by fact they bear

seal, and section 9202, defining promissory note, complaint alleging promissory note may be supported by proof of promissory note under seal.

Certiorari to Court of Appeals.

The First National Bank of Ozark sued R. A. Caton on a promissory note, and from a judgment for plaintiff defendant appealed to the Court of Appeals. The judgment being there reversed and the cause remanded, the plaintiff now petitions for certiorari to the Court of Appeals to review and revise the judgment and decisions of that court in the case of Caton v. First National Bank of Ozark, 102 So. 369. Writ granted. Reversed and remanded.

W. S. Huey, of Enterprise, and E. O. Baldwin, of Andalusia, for petitioner.

The instrument sued on was properly received in evidence. Long v. Gwin, 202 Ala. 358, 80 So. 440.

A. Whaley, of Andalusia, opposed.

There was a fatal variance, entitling defendant to the affirmative charge. Dothan Guano Co. v. Ward, 132 Ala. 380, 31 So. 748.

SOMERVILLE, J. Prior to the adoption in this state of the Uniform Negotiable Instruments Law (Code 1907, §§ 4958–5149; Code 1923, §§ 9029–9222), this court had always recognized the distinctions impressed by the common law and the Statute of Anne on instruments given under seal, and, though a promise to pay money were in the exact form of a negotiable promissory note, it was held that its execution under the seal of the maker destroyed its character in law as a promissory note, and made of it an obligation legally different and distinct, a *specialty*, usually called a bill single or writing obligatory, carrying a conclusive presumption of a valid consideration for the obligation to pay, and not negotiable under the principles of the law merchant, or the provisions of the Statute of Anne, making promissory notes negotiable. Reed v. Scott, 30 Ala. 640; Sayre v. Lucas, 2 Stew. 259, 20 Am. Dec. 33; McCrummen v. Campbell, 82 Ala. 566, 2 So. 482; Muse v. Dantzler, 85 Ala. 359, 5 So. 178; Phillips v. Americus Guano Co., 110 Ala. 521, 18 So. 104; Davis v. McWhorter, 122 Ala. 570, 26 So. 119.

So rigorously was this distinction preserved in our system of pleading that a declaration on a promissory note, eo nomine, could not be supported by proof of a promissory note under seal, though otherwise identical with the instrument declared on, and vice versa. Authorities supra.

The nonimpeachability of the consideration of a sealed instrument was abrogated by statute in this state a century ago. Aikin's Dig. 283, § 137; Code 1852, § 2278; Code 1923,

§ 7662; Litchfield v. Falconer, 2 Ala. 280, 282. But, by virtue of the ancient law, promissory notes under seal were still regarded as *specialties*, and were held not to be *promissory notes*, and hence were not governed by the principles of the mercantile law, nor by the provisions of statutes relating to promissory notes.

The Uniform Negotiable Instruments Law (section 6, subd. [4]; Code 1907, § 4963; Code 1923, § 9034, subd. [4]) provides that the validity and negotiable character of an instrument are not affected by the fact that it bears a seal. Section 184 of that law (Code 1907, § 5131; Code 1923, § 9202) declares that:

"A negotiable promissory note within the meaning of this chapter is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer."

So far as the substance and effect of the instrument is concerned, there remains no distinction between a sealed and an unsealed promissory note. The sealed note is no longer a specialty with peculiar incidents, but is in fact a negotiable promissory note; differing in no wise from other promissory notes except as to the limitation of action thereon, which, as to sealed instruments, is extended to ten years. Code 1923, § 8943. But that difference relates merely to the remedy, and can have no influence in determining the nature of the instrument, or its appropriate appellation in pleading. The differences upon which the former rule of variance was founded having been removed, the rule itself becomes a senseless technicality, and its excision a plain judicial duty.

In St. Paul's Episcopal Church v. Fields, 81 Conn. 670, 678, 72 A. 145, 149, dealing with a sealed note and its changed status, the court said:

"Formerly such an instrument as that declared on in the first count was held to be a specialty, and not a note, and the consideration could not for that reason be inquired into. * * * Such instruments were then not negotiable in this state, although in some of the other states they were held to be notes and negotiable as such. By the Negotiable Instruments Act of 1897 (General Statutes, c. 234, §§ 4171 and 4176), an instrument like that in question is a negotiable promissory note, and by section 4198 is open to the defense of want of consideration."

In Long v. Gwin, 202 Ala. 358, 80 So. 440, the complaint declared on a "bill single," and the instrument offered in evidence was a promissory note not sealed. Referring to former decisions holding this to be a fatal variance, we distinctly declared that "this has been changed, and this law of variance abrogated, by the Negotiable Instruments Law," citing its above-noted provision as to sealed instruments.

We presume that the effect of this decision was overlooked by the Court of Appeals, though it seems to have been cited and pointedly stressed by counsel in their brief on application for rehearing.

The writ of certiorari will be granted, and the judgment of the Court of Appeals will be reversed and the cause remanded, for further proceedings.

Reversed and remanded.

All the Justices concur.