# Headley v. The State.

*Indictment for Obtaining Money under False Pretenses.*

1.  *Obtaining money under false pretenses; sufficiency of evidence.*—
Under the provisions of the statute (Crim. Code, §§ 4380, 4381), under
an indictment which charges that the defendant did falsely pretend
to W., with intent to defraud, that he owned certain property and by
means of such false pretense obtained from said W. a certain sum of
money, it is competent for the State to prove that the false pretenses
were made to W. as a member of a partnership to obtain monies of
said firm, and that thereby money of the partnership was obtained;
and there is no fatal variance, justifying an acquittal, between the
allegations of the indictment and such evidence.

APPEAL from the Circuit Court of Chilton.
Tried before the Hon. N. D. DENSON.
The appellant was tried and convicted under the fol-
lowing indictment:  "The grand jury  of said county
charge that, before the finding  of this indictment, Wil-
liam Headley did falsely pretend to William M. Wilson,
with intent to  defraud,  that he owned  the south-east
quarter of  the  north-west quarter  of section  twelve,
township twenty-three, range thirteen  in  said county
and State, and by means of such false  pretense obtained
from the said William M. Wilson  one  hundred  dollars,
against the peace," &c.
    On the trial of the case William M. Wilson  was in-
troduced as a  witness  for the State, and testified that
about April 6, 1893, the defendant applied to him as a
member of the firm of  W. M. Wilson & Brother, to
furnish him advances and supplies  for  the  year 1893 ;
that he represented to the witness that he owned the S.
E. ¼ of the N. W. ¼ of section 12, township 23, range 13
in Chilton county, Alabama; that there was no lien or
incumbrance upon it, and that he and his wife would

execute to the witness and his firm a mortgage to secure such advances ; that upon these representations the witness, for W. M. Wilson & Brother, let the defendant have some advances and supplies, and agreed to make further advances during the year, and took the note from the defendant which was secured by a mortgage executed to W. M. Wilson & Brother by the defendant and his wife on lands described as above. This mortgage was introduced in evidence. The witness further testified that the firm of W. M. Wilson & Brother was a partnership composed of himself and P. D. Wilson ; that after the mortgage became due and the defendant failed to pay the amount, he undertook to foreclose the mortgage by sale, and then ascertained, for the first time, that the lands conveyed in said mortgage were not owned by the defendant, but by one Quigley. The defendant moved to exclude all the evidence introduced by the State, because the same was variant from the indictment, and because the mortgage introduced in evidence by the State was made by the defendant and his wife to W. M. Wilson & Brother, and not to W. M. Wilson "the person named in the indictment as having been fraudulently defrauded." The court overruled this motion, and the defendant duly excepted.

The evidence for the defendant tended to show that the mortgage was given to William M. Wilson to secure him as the surety on defendant's appearance bond in a prosecution for carrying concealed weapons, and that the description of the land conveyed in said mortgage was a mistake of the draughtsman in drawing up the mortgage. The defendant requested the court to give the following written charge to the jury, and duly excepted to the court's refusal to give the same as asked : "If the jury believe the evidence, they will find for the defendant."

W. R. OLIVER, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State. The indictment in this case was sufficient; and there was no fatal variance between the averments thereof and the evidence.—Code, § 3467 ; 2 Wharton's Crim. Law, 108, § 226 ; 106, § 224 ; 1 Wharton's Crim. Law, 651, § 743 ; 637, § 717 ; *Stoughton v. State,* 2 Ohio St.

Rep. 562; *People v. Curling*, 1 Johns. Rep. 320.

PER CURIAM.—The indictment is in the form prescribed by the Code, and must be deemed sufficient, whatever may have been the essential constituents, at common law, of an indictment for false pretenses. The statute is general, that "where an intent to injure or defraud is necessary to constitute the offense, it is sufficient to allege an intent to injure or defraud generally, without naming the particular person, corporation, or government intended to be injured or defrauded."—Code, § 4380. The form of indictment prescribed corresponds to the statute. There is a general allegation of the intent to defraud, not designating who was intended to be defrauded. Under this general averment, it was competent for the State to prove the particular person or persons, who were intended to be defrauded.— *Williams v. State*, 61 Ala. 33; *Mack v. State*, 63 Ala. 138. There was not a hurtful variance between the allegations of the indictment and the evidence. The statute, (Code, § 4381), authorizes the ownership of property in reference to which an offense is committed to be alleged to be in any one of the several partners or owners to whom it may belong. Though it was alleged the false pretense was made to William M. Wilson, it was competent to prove that it was made to him as a member of the partnership of William M. Wilson & Brother, to obtain the moneys of the partnership, and that thereby the moneys of the partnership were obtained. There is no ground on which the general instruction of acquittal could have been requested, other than the supposed variance in the ownership of the moneys, or in the person to whom the pretense was made, and who was intended to be defrauded. The variance did not exist in a legal sense, and the instruction was properly refused.

The judgment must be affirmed.