# Lee v. The State.

APPEAL from Conecuh Circuit Court.

Tried before the Hon. JOHN R. TYSON.

JOHN D. BURNETT, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

The indictment under which the appellant was tried

and convicted was in the following words and figures: "1. The grand jury of said county charge that before the finding of this indictment that David Lee, with intent to injure or defraud, did falsely make or forge an instrument in writing in words and figures substantially as follows: 'May 19th. Mr. Savish let Dave Lee have the amount of $2. H. S. Minous.'

"2. And the grand jury of said county further charges that before the finding of this indictment Dave Lee, with intent to injure or defraud, did falsely make or forge an instrument in writing in words and figures substantially as follows: 'May 19th. Mr. Savish,' meaning by Mr. Savish, Mr. Savage, 'let Dave Lee have the amount of $2. H. S. Minous,' meaning by H. S. Minous, Sip Minus, against the peace and dignity of the State of Alabama."

The defendant demurred to the first count of the indictment upon the ground that the forged instrument, as set out in said count, is unintelligible, and there is a want of averment of extrinsic facts rendering it intelligible. To the second count of the indictment, the defendant demurred upon the grounds that the christian name of Savage, the real name of the person, as is averred, to whom the instrument is addressed, is not stated, and there is no averment that the name was to the grand jury unknown.

This court holds that the demurrer to the first count of the indictment was properly overruled; since the instrument alleged to have been forged, as set out in the count, is not unintelligible, but is simply an order or request for the payment of the sum of two dollars, addressed to a particular person, and purporting to be signed by a particular person as drawer or maker. As to the demurrer to the second count, it was held that the common law rule that the indictment for forgery must aver with particularity the name of the person intended to be defrauded, is changed by statute.—Code of 1886, §4903. The demurrer to this indictment was, therefore, properly overruled.—*Jones v. State,* 50 Ala. 61; *Headley v. State,* 106 Ala. 109; *Williams v. State,* 61 Ala. 33.

The judgment of conviction is affirmed.

Opinion by BRICKELL, C. J.