# Houston *v.* The State

## *False Pretense.*

(Decided Dec. 19, 1907.   45 South. 228.)

1. *False Pretense; Affidavit; Sufficiency.*—An affidavit which charges that defendant did falsely pretend to a person named therein, with the intent to defraud such person, that he was the agent of certain other persons, and by means of such false representation obtained from the named person $2.00, is sufficient under section 4729, Code 1896, and form 48.

2. *Same; Description of Property.*—The description of the property as "two dollars" is a sufficient description.

3. *Same; Description of Person.*—Where the affidavit alleged that the defendant falsely represented himself to be the agent of a named coal company it was not necessary to the validity of the affidavit that it should designate whether such company was a firm, corporation or partnership.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

George Houston was convicted of obtaining money by false pretenses, and appeals. Affirmed.

The affidavit was in the following language: "Personally appeared before me, H. B. Abernathy, Judge of the inferior court of Birmingham, Alabama, in and for said county, Mattie Hall, who, being duly sworn, says that George Houston, alias Lonnie Houston, within twelve months before making this affidavit, in said county, did falsely pretend to Mattie Hall, with the intent to defraud, that he was the agent of the Ivy Leaf Coal Company, and by means of such false pretense obtained from Mattie Hall two dollars," etc. The affidavit was challenged by demurrers as follows: "(1) Said charge in said affidavit is uncertain in this: The defendant is charged with obtaining money by false pretense

by falsely representing himself to be the agent of the Ivy Leaf Coal Company, and it is not set out in said affidavit as to whether said Ivy Leaf Coal Company is a firm, a corporation, or a partnership. (2) Because the said description of the thing obtained, to wit, two dollars, is insufficient in law. (3) Because it is not alleged who is the owner of the money alleged to have been obtained by false pretense. (4) Because said affidavit and warrant does not allege that the money was obtained with intent to injure, as required by statute." These demurrers were overruled, and the defendant convicted.

R. L. WILLIAMS, and J. D. STRANGE, for appellant. The charge did not contain with certainty and definiteness the names of the parties whom appellant represented himself to be the agent of.—*Moringstar v. The State,* 52 Ala. 405; *Miles v. The State,* 94 Ala. 106; *Carter v. The State,* 55 Ala. 181; *Grattan v. The State,* 71 Ala. 344; *Beasley v. The State,* 18 Ala. 535; *Anthony v. The State,* 29 Ala. 28; *Turnipseed v. The State,* 6 Ala. 666; *McGhee v. The State,* 115 Ala. 135; *Giles v. The State,* 89 Ala. 50; *Davis v. The State,* 68 Ala. 65; *Seay v. The State,* 3 Stew. 123; 10 Ency. P. & P., 473, et. seq.; Amer. Dig. (Cent. Ed.) vol. 23, Chap. 5, sec. 34

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—The affidavit was sufficient.—Section 4729 of the Code of 1896. The description of the thing obtained as "two dollars" was sufficient. Form 48, Code of 1896. Nor was it necessary for the affidavit to aver whether the Ivy Leaf Company was a firm or corporation, as it was not the party averred to have

[Hamilton v. The State.]

been injured.—*Headley v. State,* 106 Ala. 109, 17 South. 714.

The judgment of the criminal court is affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.