# Doss v. Wadsworth Red Ash Coal Co.

## Damage for Injury to Servant.

(Decided January 22, 1914.   64 South. 341.)

1. *Pleading; Refiling After Amendment; Necessity.*—The withdrawal of a count in a complaint did not require the refiling of pleas which were addressed to each separate count to those counts which remained after such withdrawal.

2. *Same; Replication; Failure to Make.*—Where a plea characterizes certain averred facts as showing contributory negligence, and the plea is not demurred to, and there is no replication filed thereto, proof of the fact as averred in the plea entitles a defendant to judgment as upon proof of plea.

3. *Judgment; Construction; Conclusiveness.*—When its recitals are clear, the judgment entry controls as to what pleadings constituted the issues at the trial.

4. *Same.*—A judgment entry must be construed in all its parts and with reference to the pleading to which it refers.

[Doss v. Wadsworth Red Ash Coal Co.]

5. *Same.*—The recitals of the judgment entry considered in connection with the pleading, and it is held that the recitals did not show that the sole issues tried were those made by a general traverse of counts 1, 2 and 3, and that the effect of plea 11 must be considered in reviewing the judgment setting aside the verdict for plaintiff.

6. *Appeal and Error; Presentation Below.*—Where no objection was taken to a plea by demurrer or otherwise in the court below, its sufficiency will not be determined on appeal.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by A. M. Doss against the Wadsworth Red Ash Coal Company. From a judgment granting a new trial after verdict for plaintiff, plaintiff appeals. Affirmed.

The first count is predicated on Code, § 3910, subd. 1, in that in a certain entry of the mine rock and slate fell upon plaintiff, injuring him, because the roof of said entry was not properly timbered. The second count is based upon the negligence of Dock Kennedy, who had superintendence intrusted to him, while in the exercise of such superintendence, in that he negligently failed to prop up or cause to be propped up a roof of said entry, wherefore the rock and slate fell, injuring him. Count 3 is based upon the same acts of negligence, which are attributed to one Harwell, whose name is declared to be otherwise unknown. The fourth count, which was withdrawn, is based upon the failure to furnish a safe place for plaintiff to do his work.

Plea 11 is as follows: "To each count of the complaint, separately and severally, plaintiff was guilty of negligence which proximately contributed to cause his alleged injuries in this: He was aware of the particular danger which caused his injury, and of the defect in the defendant's alleged ways, works, machinery, plant, etc., and with such knowledge nevertheless went in close and dangerous proximity to said dangers and

said alleged defect, knowing at the time that he would likely or probably be injured, and as a proximate consequence of such negligence sustained his said injury."

RIDDLE & ELLIS, and PERDUE & COX, for appellant. Assumption of risk and contributory negligence must be specially pleaded.—*Foley v. Pioneer M. & M. Co.*, 144 Ala. 178. When a complaint is amended the plea should be refiled.—*L. & N. v. Woods*, 105 Ala. 561; *Cooley v. U. S. S. & L. A'ssn.*, 144 Ala. 538. Assumption of risk is no defense to an action of this character.—*L. & N. v. Handley*, 56 South. 539. The issues were for the jury and the court did not err in the charges given, and hence, was in error in setting aside the judgment. —*Drew v. Wes. S. C. Co.*, 56 South. 997; 21 A. & E. Enc. of Law, 489.

J. T. STOKELEY, and R. H. SCRIVNER, for appellee. Under the plaintiff's own testimony he was guilty of the matters and things charged in plea 11.—*Sloss-S. S. & I. Co. v. Knowles*, 30 South. 584; *Alteriac v. West Pratt C. Co.*, 49 South. 867; *Merriweather v. Sayre M. & M. Co.*, 49 South. 916. Plaintiff relied on his own judgment, was a man of superior knowledge and experience, and knew that it was dangerous to do what he did do. —*R. R. Co. v. Hall*, 87 Ala. 719; *Wood v. R. & D. R. R. Co.*, 100 Ala. 666; *Kilby F. & S. Co. v. Jackson*, 57 South. 691. There was no merit in the suggestion that plea 11 should have been refiled as it was filed separately and severally to the counts not withdrawn. Under the facts plaintiff's status is that of independent contractor.—*Harris v. McNamara*, 12 South. 103; *Dallas M. Co. v. Townes*, 41 South. 988. The court will not be put in error for granting the motion, if there were proper grounds for same in the motion, although the

court may have put it upon the wrong ground.—*Choate v. A. G. S.*, 54 South. 507. Counsel discuss other matters not necessary to be here set out.

McCLELLAN, J.—The action is by the appellant against the appellee. The verdict was for the plaintiff. Upon the hearing of the motion for new trial, the court set aside the verdict and judgment. It is to review that action this appeal is prosecuted by the plaintiff.

There were four counts in the complaint. The fourth was withdrawn pending the trial. The first count was framed under the first subdivision of the liability act Code 1907, § 3910. The second and third counts were drawn under the second subdivision of the liability act. The defenses relied on, aside from the general traverse of the counts, were contributory negligence and assumption of risk. Among other pleas was that numbered 11. The report of the appeal will contain it. It does not appear to have been assailed by demurrer, or otherwise. As appears, this plea was addressed to the counts of the complaint "separately and severally." The amendment of the complaint by striking out or withdrawing count 4 did not require the refiling of this or any other pleas that were distinctively addressed to each separate count of those left in the complaint after count 4 was stricken or withdrawn. Such is the rule with respect to demurrers.—*B. R., L. & P. Co. v. Fox*, 174 Ala. 657, 668, et seq., 56 South. 1013. We see no reason why a different principle should govern when the whole effect of the amendment is to eliminate a distinct count. The judgment entry recites: "Whereupon the plaintiff withdrew its demurrer to plea No. 9, and the defendant withdrew plea No. 7. Whereupon the defendant, by leave of the court, filed to the complaint plea No. 11, as shown by separate paper writing on file.

Whereupon plaintiff withdrew demurrer to pleas 2 and 4 of the defendant, and whereupon after the evidence was all in, the plaintiff amended his complaint by striking therefrom count No. 4. Whereupon issue was joined on counts Nos. 1, 2, and 3 of the complaint as constituting the complaint as last amended. Whereupon came a jury," etc.

This court has adopted the rule that the judgment entry is, when clear in its recitals, the controlling source of information as to what pleading constituted the issues upon which the trial was had.—*Providence, etc., Co. v. Pruett,* 157 Ala. 540, 546, 547, 47 South. 1019; *Dannelley's Case,* 130 Ala. 132, 30 South. 452; *Jackson's Case,* 142 Ala. 55, 37 South. 920. In the *Pruett Case* (*supra*) it was said: "If the judgment were silent as to the issues, or so vague, indefinite, and uncertain in its recitals as not to inform, then it is permissible to look elsewhere to determine what were the issues." In that case the entry affirmed the joinder in issue upon four numbered pleas of a greater number of pleas, following a general withdrawal of demurrers, amendment, and (by the court) rulings on demurrers to the designated pleas; and immediately succeeding the recital was: "And issue being now joined," etc.

We are unable to interpret the recital here as restricting the issues to those, alone, made by a general traverse of counts 1, 2, and 3.

The entry must be considered in all its parts, and with reference to the pleading to which it refers. In parts of the entry preceding that quoted, the court had considered and passed upon demurrers to ten pleas, addressed to the four counts separately and severally. Plea 11 was, by leave of court, filed later than the ten preceding it. In the light of the whole entry we cannot affirm that it recites, or even undertook to recite,

that the *sole* issues were those made by the general traverse of counts 1, 2, and 3. It is recited that issue was joined on those counts; but in the state of the entire entry and record as to pleading this is far from reciting that the issues thus made were the only ones tendered or taken. Furthermore, it is not at all certain that the phrase, "issue was joined on counts Nos. 1, 2, and 3," did not intend to express and did not express the issues made by the special pleas separately interposed to those counts. We therefore view the entry as silent in respect of the issues made by the special pleas unstricken. In this state of the entry we may look elsewhere. The bill of exceptions leaves no room for doubt that the matter of such pleas, including plea 11, was of the issues actually litigated. In given charge D express reference is made to "special pleas," and a finding for the defendant predicated of "one or more" of them being sustained by the evidence. The entire trial manifests the presence of these special defenses as raising issues therein. We therefore review the trial court's action in granting a new trial, as the propriety thereof is affected by the presence of the unstricken special pleas, one of which is plea 11.

After a careful consideration of the evidence, our conclusion is that the plaintiff's own testimony established the *facts* averred in plea 11. There was no demurrer or other objection taken in the court below to this plea (11). Its sufficiency cannot now be and is not considered. If a pleader characterizes an averred state of fact as showing contributory negligence, and the pleading is not objected to and unavoided by replication, and trial is had thereupon, uncontradicted proof of the facts averred entitles the defendant, under the present system, to a verdict.

[Warble v. Sulzberger Company of America.]

The judgment awarding the new trial is hence affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ , concur.

