(85 South. 500)

### HENRY v. MILNER. (8 Div. 246.)

(Supreme Court of Alabama. April 22, 1920.)

1. **Pleading** &#8658;54—Each count of complaint considered as statement of a different cause of action.

Each count of the complaint is considered as a statement of a different cause of action, though it is often proper to avoid unnecessary repetition that one count should refer to the other.

2. **Negligence** &#8658;108(1)—Count of complaint held demurrable.

A count of a complaint for negligence which does not refer to other counts, and which claims no amount of damages and fails to show who sustained injury, or whether the injury was to person or property does not state a cause of action.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Suit by Gertrude Milner, by next friend against Jo L. Henry, for damages from frightening of a mule by defendant's automobile. From judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Suit by appellee against appellant to recover damages alleged to have resulted from the frightening of a mule by appellant's automobile, resulting in judgment for the plaintiff for $475, from which this appeal is prosecuted.

Counts 1 and 2 of the complaint were eliminated by demurrer, and during the trial of the cause the complaint was amended by filing additional count 3. The cause was tried upon count 3 and the general issue. Count 3 was demurred to because indefinite and incomplete, and for that it refers to something that has preceded, but does not show to what reference is made, together with other grounds. The demurrer was overruled. Count 3 is as follows:

"Amended Complaint.

"Count No. 3. And plaintiff avers that said automobile was a motor vehicle; that at the time of the happening of the injuries complained of the said mule was being driven by one —— Finley; that the said automobile so operated by defendant met the buggy in which plaintiff was seated going in an opposite direction, and that defendant did not seasonably turn the said automobile to the right of the center of the said highway, and thereby proximately caused the said mule to become frightened, and the plaintiff avers that the injuries complained of were proximately caused by the negligent failure of defendant to seasonably turn the said automobile to the right of the center of the said highway when the defendant operating the said automobile met the said Finley driving said mule."

Street & Bradford, of Guntersville, for appellant.

The fact that a count does not state a substantial cause of action may be taken advantage of for the first time on appeal. 113 Ala. 402, 21 South. 938; 131 Ala. 219, 31 South. 566. Count 3 was the only one submitted to the jury, and it did not state the cause of action. 31 Cyc. 71 and 281; 137 Ala. 488, 34 South. 562. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

A. E. Hawkins, of Ft. Payne, for appellee. No brief reached the reporter.

---

&#8658;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GARDNER, J. [1]. "Each count of the complaint is considered as a statement of a different cause of action." It is often proper, to avoid unnecessary repetition, that one count should refer to the other, but if there is no express reference the several counts are considered as distinct, as if contained in separate declarations. Bryant v. Southern Ry. Co., 137 Ala. 488, 34 South. 562.

[2] This cause was tried upon count 3, as shown in the statement of the case. Doubtless counsel were under the impression that it contained some reference to, and adoption of, some portion of other counts which had been eliminated. However that may be, no such reference is made in the count, and we are not at liberty to supply the omission, for we can only determine the cause upon the record before us. As the count stands, it claims no amount of damages, does not show who sustained any injury, or whether the injury was to person or property. It requires no argument to show that, as framed, the count does not state a cause of action. There were demurrers, sufficiently directing attention to the incomplete and indefinite condition of this count, which should have been sustained. But, in any event, the judgment must be reversed. L. & N. R. Co. v. Williams, 113 Ala. 402, 21 South. 938; Jordan v. N. C. & St. L. Ry. Co., 131 Ala. 219, 31 South. 566.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.