(88 South. 215)

HOWARD v. STATE.    (6 Div. 701.)

(Court of Appeals of Alabama. Dec. 14, 1920.)

1. FORGERY ⬤⟾29(5)—PERSON INTENDED TO BE DEFRAUDED REQUIRED TO BE NAMED AT COMMON LAW—RULE CHANGED BY STATUTE.

At common law it was necessary in an indictment particularly to name the person intended to be defrauded, a rule changed by Code 1907, § 7146, so that now when, to sustain an indictment, an intent to injure or defraud is necessary, a general averment of the intent, without naming the particular person, corporation, or government intended to be defrauded, is sufficient.

2. FORGERY ⬤⟾7(2), 26—INDICTMENT HELD TO CHARGE FORGERY IN SECOND DEGREE— "BILL OF EXCHANGE" INCLUDES CHECK.

Indictment charging that defendant, with intent to injure or defraud, falsely made, altered, forged, or counterfeited an instrument in writing, setting forth a check, etc., charged forgery in the second degree, and was framed under Code 1907, § 6910, and the term "bill of exchange," as used in the statute, includes a check.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Exchange.]

3. CRIMINAL LAW ⬤⟾995(2)—MINUTE ENTRY OF JUDGMENT SUFFICIENT TO SHOW PROPER VERDICT.

The recital in the minute entry of judgment of conviction "thereupon came a jury of good and lawful men, to wit, C. A. B. and eleven others, who being impanelled and sworn according to law, upon their oaths do say, 'We, the jury, find the defendant guilty as charged in the indictment'" is sufficient in every particular to show that proper verdict was rendered.

4. CRIMINAL LAW ⬤⟾871(1)—VERDICT MAY BE ANNOUNCED ORE TENUS.

A jury may announce their verdict to the court ore tenus, and the fact that verdict is returned in writing by the jury to the court adds nothing to its validity.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Ned Howard was convicted of forgery in the second degree, and he appealed. Affirmed.

The indictment was in the following language:

The grand jury of said county charge that, before the finding of this indictment, Ned Howard, with intent to injure or defraud, did falsely make, alter, forge, or counterfeit an instrument in writing, in words and figures substantially as follows:

"Birmingham, Ala., Sept. 2, 1919.
"Traders' National Bank 61–10 of Birmingham,
"Pay to the order of Cash $17.00 * * * Seventeen Dollars Only * * * dollars.
                                        "Will Heard.
"4% interest paid on savings"

---

—or, with intent to injure or defraud, did utter and publish as true the said falsely made, altered, forged, or counterfeited instrument in writing, knowing the same to be so made, altered, forged, or counterfeited, against the peace and dignity of the state of Alabama.

Grace & Simpson, of Birmingham, for appellant.

The indictment was defective. 55 Ala. 178. It is drawn to charge forgery in the first degree, and is therefore governed by section 6909, Code 1907, and authorities there cited. Counsel discuss the verdict, but without citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Having gone to trial on the plea of not guilty, the defendant cannot now raise the question of formal defects or uncertainties in the indictment. 81 Ala. 68, 1 South. 35; 128 Ala. 17, 29 South. 569; 3 Ala. App. 98, 57 South. 389. In any event the indictment is in the form prescribed by the statute charging forgery in the second degree. The verdict was sufficient, and need not have been in writing. 2 Ala. 744; 103 Ala. 421, 15 South. 840.

BRICKEN, P. J. This appeal is on the record proper, there being no bill of exceptions. The defendant was indicted, tried, and convicted for the offense of forgery in the second degree, and was given an indeterminate sentence in the penitentiary of not less than two years nor more than five years.

[1] It is first insisted that the indictment is not sufficient upon which to predicate the judgment of conviction, in that it fails to aver or charge who the defendant intended to injure or defraud. Pretermitting the fact that no objection by demurrer or otherwise was interposed to the indictment in the court below, it is sufficient to say here that there would have been some merit in this contention under the common law, for at common law it was necessary particularly to name the person intended to be defrauded; and, without this allegation, the indictment would have been fatally defective. However, this rule has been changed by statute, so that now, when, to sustain an indictment, "an intent to injure or defraud is necessary," a general averment of the intent, without naming the particular person, corporation, or government intended to be defrauded, is sufficient. Code 1907, § 7146; Jones v. State, 50 Ala. 161; Horton v. State, 53 Ala. 488–493; Lee v. State, 118 Ala. 672, 23 South. 669; Headley v. State, 106 Ala. 109, 17 South. 714; Denson v. State, 122 Ala. 100, 26 South. 119.

[2] There is no merit in the contention that the indictment charges forgery in the first degree. It clearly charges forgery in the second degree, and was framed under section 6910 of the Code 1907. The term "bill of exchange" includes a check. In the case of First National Bank v. Nelson, 105 Ala. 180, 193, 16 South. 707, 708, the Supreme Court used the following language:

"It is noticeable that the words 'bill' and 'bill of exchange' are used interchangeably in the several sections as meaning one and the same thing; and that the words 'bill of exchange' include a check. * * * So far as our investigations have gone we have not seen a case construing a statute in which the words 'bill,' or 'bill of exchange,' occur, where the question arose, in which they were not held to embrace a check."

[3, 4] The next contention is that:

"The alleged verdict in this case is not a proper verdict, because it is not signed by any member of the jury who tried the appellant as foreman."

In the first place this insistence is not borne out by the record, the judgment entry as far as relates to this question being:

" * * * Thereupon came a jury of good and lawful men, to wit, C. A. Buff and eleven others, who, being impanelled and sworn according to law, upon their oaths do say: 'We, the jury, find the defendant guilty, as charged in the indictment.' "

This recital in the minute entry is sufficient in every particular. Anderson v. State, 65 Ala. 553. Appellant's counsel cite no authority, but insist that in order to add validity to the verdict of the jury it should be in writing, and signed by some member of the jury as foreman. The fact that there is no merit in this contention needs no discussion. A jury may announce their verdict to the court ore tenus, and the fact that the verdict is returned in writing by the jury to the court adds nothing to its validity. Underwood v. State, 2 Ala. 744; Robinson v. State, 54 Ala. 86; Stevens et al. v. State, 133 Ala. 28, 36, 32 South. 270, 272. In the Stevens Case supra the court said:

"It is not essential to a verdict that it should be written; the jury may announce it to the court ore tenus or upon paper, at their pleasure; and, however rendered, upon the suggestion of the judge, it may be varied by the jury in its terms, so as to make it speak their intentions. And the change thus made in the finding need not be noted in writing, even if it be such as to entirely supersede the verdict."

See, also, Gary et al. v. Woodham et al., 103 Ala. 421, 426, 15 South. 840, 841. In this case it was said:

"We gather from the bill of exceptions that the verdict was originally returned ore tenus by the jury to the court. This was sufficient. * * * And the action of the court, upon its being found that no written verdict was in the file, in having the jury, which was still in at-

tendance, return a written verdict was super·fluous, and obviously not vitiating."

The record is free from error, and the judgment of conviction is affirmed.

Affirmed.