(90 South. 277)

## WARREN v. STATE. (3 Div. 396.)

(Court of Appeals of Alabama. June 14, 1921.
Rehearing Denied July 19, 1921.)

1. **Criminal law ⊜⇒1045—Appellate court without authority to put lower court in error in absence of ruling containing error.**

Courts of last resort are without authority to put the lower court in error in the absence of some ruling of such court showing or containing error.

2. **Criminal law ⊜⇒1044—Where affirmative charge not requested and sufficiency of evidence not presented, evidence is not reviewable.**

In view of Code 1907, § 5362, providing that the court shall not charge upon the effect of testimony, unless required to do so by one of the parties, in a prosecution for manufacturing liquor, where an affirmative charge was not requested, nor the sufficiency of the evidence presented in any other manner, the evidence is not reviewable on appeal.

3. **Criminal law ⊜⇒814(19)—Charge on conspiracy to manufacture liquors not authorized by evidence.**

In a prosecution for manufacturing liquor, where there was no evidence connecting defendant with the ownership or operation of the still, or of participating in any manner therewith, a charge on the question of conspiracy to manufacture was not authorized.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

J. R. Warren was convicted of manufacturing prohibited liquors, and he appealed. Reversed and remanded.

Certiorari denied 206 Ala. 701, 90 South. 926.

Mark D. Brainard, of Montgomery, for appellant.

There was no evidence to sustain a conviction. 16 Ala. App. 152, 75 South. 828; 85 South. 867; 17 Ala. App. 401, 85 South. 835. The court erred in asking the question it asked of the witness. 16 Ala. App. 38, 75 South. 183; 89 Ala. 34, 8 South. 22, 18 Am. St. Rep. 87; 163 Ala. 348, 50 South. 1008; 139 Ala. 125, 35 South. 995; 87 Ala. 65, 6 South. 378. There was no evidence of a conspiracy, and the court erred in charging as to a conspiracy. 16 Ala. App. 367, 77 South. 979.

Harwell G. Davis, Atty. Gen., and W. T. Seibels, Sol., and R. G. Arrington, Asst. Sol., both of Montgomery, for the State.

The objection to evidence was general. 160 Ala. 7, 49 South. 902; 159 Ala. 300, 48 South. 697; 153 Ala. 375, 44 South. 979. The court was not in error in charging on conspiracy. 8 Ala. App. 187; 62 South. 578; 174 Ala. 53, 57 South. 31; 166 Ala. 28, 52 South. 348; Acts 1919, p. 1086.

BRICKEN, P. J. [1] In brief of counsel for defendant, it is insisted that the defendant was entitled to his discharge in the court below, because the evidence failed to make out a case against him, and was therefore insufficient upon which to predicate a verdict of guilt. An examination of all the evidence in this case discloses that there is probably much merit in this insistence, for it conclusively appears that, so far as this defendant is concerned, the evidence adduced upon this trial is very vague, uncertain, and unsatisfactory, and it may be that, if these questions were here presented in a manner authorizing this court to consider same, we would be forced to the conclusion that the evidence connecting the defendant with the offense charged was not sufficient to overcome the presumption of innocence which, under the law, attended him throughout the trial of this cause. However, no ruling of the court was invoked upon this question; the affirmative charge was not requested, nor was there a motion for a new trial made, by which means, either one or both, the question would have been presented for review. Courts of last resort are without authority to put the lower court in error, in the absence of some ruling of such court showing or containing error.

[2] Appellant's counsel insist that, notwithstanding the fact that the affirmative charge was not requested in the court below, and notwithstanding the further fact that the question of the sufficiency of the evidence to support a conviction was not presented in any other manner, yet it is the duty of this court to reverse the case in order that justice may be done, and in this connection the brief of counsel contains the following:

"Could it be contended either in law or morals that, because a defendant had failed to ask the affirmative charge when it was patent that there was not evidence to sustain a conviction, and the jury should find him guilty and fix the death sentence, that the court would say you will forfeit your life, not for a crime against our law, but because of your ignorance or neglect in failing to ask the affirmative charge? Would not, in this instance, the law be violated by the judge in allowing such a judgment to stand, and a great crime be committed, namely, murder, not for the taking of human life, but for the failure on account of ignorance or neglect to ask a charge?"

However meritorious this contention may appear from the defendant's viewpoint, under the many adjudications of the Supreme Court and this court, and the oft-pronounced rules of procedure and practice, so necessary to a proper administration of the law, the contention is wholly untenable, and has been many times so held. McPherson v. State, 198 Ala. 5, 73 South. 387; Tucker v. State, 202 Ala. 5, 79 South. 303; Ross v. State, 16 Ala. App. 393, 78 South. 309; Morrissette v. State,

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16 Ala. App. 32, 75 South. 177; Ex parte State, 204 Ala. 389, 85 South. 785. See, also, Code 1907, § 5362.

We are of the opinion that the court erred in overruling the objection of defendant to the question propounded to Mrs. Nero Warren, "You used to live down there?" Whether or not this witness used to live down there, referring to the place upon which the still was found, was wholly immaterial to any of the issues involved in this case, and the testimony thus adduced over the objection was irrelevant and immaterial. The defendant insists that the court itself erred in asking the question, "I mean who was in charge of it?" It would appear that this question was objectionable as calling for a conclusion upon the part of the witness, but, as no exception is shown to have been reserved in this connection, the matter is not presented for review. For like reasons, several statements claimed to have been made by the defendant to the officers without any predicate having been laid for such statements cannot be considered on this appeal. Appellate courts are charged with the duty of considering all questions apparent on the record, or reserved by bill of exceptions, and, as before stated, if no exception is reserved it cannot be reviewed. Authorities supra.

[3] The testimony in this case was full and complete as to the officers finding a still on the lands owned by Mrs. Warren, wife of defendant, and also as to finding the still in possession of a man by the name of Whaley, who promptly admitted that the still was his (Whaley's), and was being operated by him; and in this same statement he also said that the defendant did not know anything about the still, and did not have anything to do with it. In fact, there was no evidence to connect the defendant with the ownership, or operation of the still or of participating in any manner therewith. We therefore are of the opinion that there was nothing in the testimony which authorized the court in charging the jury on the question of conspiracy to manufacture liquor, and the exceptions reserved to this portion of the oral charge appears to be well taken.

The judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes