(91 South. 875)

**SEYMOUR et al. v. DAY. (I Div. 178.)**

(Supreme Court of Alabama. Dec. 22, 1921.)

**Judgment ⟺18(I)—For plaintiff after sustaining of demurrer to complaint will be reversed.**

Where no amended complaint was filed after a demurrer had been sustained, and the case proceeded to trial and verdict for plaintiff, the judgment will be reversed.

Appeal from Circuit Court, Mobile County; Claud A. Grayson, Judge.

Action by Milton M. Day against Edwin Seymour and another, as individuals and copartners, for damages for injury to his minor child. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

D. B. Cobbs, of Mobile, for appellants.

There was no complaint, and hence nothing to support the judgment, as is apparent from an examination of 'the record. Counsel also cite authorities to show that the judgment is void because of failure to serve the other defendant.

Webb, McAlpine & Grove, of Mobile, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant Seymour was a party defendant to a suit for damages brought by appellee against said Seymour and one Jones, as individuals and partners under the firm name of Mobile Barrel & Box Factory. There was judgment against the defendants. Jones was not served and did not appear.

Counsel for appellant insist upon two grounds for reversal—the first being that the record discloses from the judgment entry that demurrer interposed was sustained to the complaint, and no amendment thereof filed or offered, and therefore shows no complaint in the cause to support the judgment which should have been set aside on motion made. There were two counts in the complaint, and demurrers were interposed to each of these counts. There appears a judgment entry of May 17, 1920, showing that the demurrer of May 11, 1920 [demurrer of defendant Mobile Barrel & Box Factory], was sustained as to count 1, and overruled as to count 2. There were demurrers of appellant Seymour, filed on April 23, 1920, addressed to counts 1 and 2, and the record discloses, by judgment entry bearing date of June 17, 1920, that the foregoing demurrer of April 23d to the complaint was sustained.

According to the judgment entry, therefore, the demurrer was sustained as to both counts of the complaint; and, as there was no amendment or refiling of any other count, no complaint remains to sustain the judgment. This may have resulted, and doubtless did result, from an oversight; but, if so, it does not appear from this record that it was a self-correcting error. Henry v. Milner, 204 Ala. 226, 85 South. 500.

This suffices for a reversal of the cause, without a consideration of the other question presented and argued by counsel as to proceeding to trial and judgment in an action of this character without service or appearance of defendant Jones, who remained a party to the cause, in support of which argument counsel cite Slade v. Street, 77 Ala. 578.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.