(103 So. 478)

### WOOD v. STATE. (7 Div. 112.)

(Court of Appeals of Alabama. March 24, 1925.)

1. **Criminal law ⟪⟫1044, 1063(4) — Sufficiency of evidence to support verdict not reviewable in absence of request for charge and motion for new trial.**

In absence of request by accused for general affirmative charge and on failure to interpose motion for new trial, sufficiency of evidence to support verdict will not be reviewed.

2. **Criminal law ⟪⟫1044 — Exception to overruling motion to exclude evidence not available where it came too late.**

Exception by accused to action of trial court in overruling motion to exclude testimony *held* not available, where it affirmatively appeared that it came too late.

3. **Criminal law ⟪⟫815(1)—Charge failing to require finding to be based on evidence properly refused.**

Charge requested by accused, which failed to require finding to be based on evidence in case, *held* properly refused.

4. **Criminal law ⟪⟫829(1) — Refusal of charge covered by others not prejudicial.**

Refusal of charge requested by accused which was covered by others given *held* not prejudicial.

5. **Criminal law ⟪⟫871(2)—Verdict need not be signed by any one as foreman.**

Verdict need not be signed by any one as foreman.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Charlie Wood was convicted of disposing of property covered by landlord's lien, and he appeals. Affirmed.

Frank M. Savage, of Center, for appellant.

The testimony was not sufficient to overcome the presumption of defendant's innocence. Watkins v. State, ante, p. 246, 101 So. 334. It is necessary that the verdict be signed by one of the jury as foreman. Watkins v. State, supra.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No objection to testimony being made, a motion to exclude comes too late. Kirby v. State, 16 Ala. App. 467, 79 So. 141; Null v. State, 16 Ala. App. 542, 79 So. 678; Charges not predicated upon the evidence are properly refused. Edwards v. State, 205 Ala. 160, 87 So. 179. It was not necessary that the verdict be signed. Edwards v. State, supra. No request for affirmative charge or motion for new trial being made, the sufficiency of the evidence is not presented for review. Warren v. State, 18 Ala. App. 245, 90 So. 277.

RICE, J. The defendant was convicted of the offense of selling or removing personal property upon which another had a lien created by law for rent and advances, with the purpose to hinder, delay, or defraud that other, and he appeals.

[1] There was no request by the defendant for the general affirmative charge, and no motion for a new trial interposed. The fact or sufficiency of the evidence to support the verdict is not, therefore, presented to this

court for review. Warren v. State, 18 Ala. App. 245, 90 So. 277.

[2] The exception reserved by the defendant to the action of the trial court in overruling his motion to exclude the testimony of the witness R. L. McWhorter as to his accounts cannot here avail, as it affirmatively appears that the same came too late. Null v. State, 16 Ala. App. 542, 79 So. 678; Kirby v. State, 16 Ala. App. 467, 79 So. 141.

[3] Written charge No. 1 refused to the defendant was properly refused, if for no other reason, because it did not require the finding of the jury to be based upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 So. 179.

Written charge No. 2 refused to the defendant was abstract for the reason that no question as to whether there had been a settlement between the defendant and the party who claimed the lien was involved. The charge also, we think, is misleading and states an incorrect proposition of law.

[4] Written charge No. 3 refused to the defendant is, we think, fully covered by the other written charges given at defendant's request, and the oral charge of the court.

[5] It was not necessary that the verdict be signed by any one as foreman. Edwards v. State, supra.

There appearing no prejudicial error in the record, let the case be affirmed.

Affirmed.