(110 So. 696)

## HAYES v. STATE. (6 Div. 972.)

(Court of Appeals of Alabama. Dec. 14, 1926.)

1. **Criminal law** ⊂⊃789(15), 815(5)—**Instruction to acquit if there was probability that some one else other than defendant committed offense held properly denied.**

In prosecution for wanton and malicious injury to an animal, requested instruction to acquit if there was any probability that some one else other than defendant committed offense *held* properly denied as erroneous and not predicated on evidence.

2. **Criminal law** ⊂⊃805(1)—**Instruction on burden of proof of malicious injury to animal held properly denied as elliptical and unintelligible.**

In prosecution for malicious injury to animal, requested instruction, "* * * The burden of proof is on the state to convince you beyond a reasonable doubt that the defendant shot the horse in question you should find defendant not guilty," *held* properly denied as elliptical and unintelligible.

3. **Criminal law** ⊂⊃871(2)—**Verdict held sufficient on which to pass judgment of conviction, though not signed by foreman of jury.**

In prosecution for malicious injury to animal, verdict of jury *held* sufficient on which to pass judgment of conviction, though not signed by foreman of jury.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Tom Hayes was convicted of malicious injury to an animal, and he appeals. Affirmed.

These charges were refused to defendant:

"If there is a probability that some one else other than the defendant committed the offense of which defendant is charged then you should not convict the defendant."

"The court charges the jury that the burden of proof is on the state to convince you beyond a reasonable doubt that the defendant shot the horse in question you should find defendant not guilty."

Gray & Powell, of Jasper, for appellant.

The first charge refused to defendant should have been given; the evidence was practically circumstantial. Pickens v. State, 115 Ala. 42, 22 So. 551; Spraggins v. State, 139 Ala. 93, 35 So. 1000. Counsel discuss other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., for the State.
Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant was tried and convicted for the offense of wanton or malicious injury to an animal. The indictment charged that he unlawfully, wantonly, or maliciously killed, etc., a horse, the property of Griffin Johnson, etc.

The corpus delicti was proven without conflict or dispute, and the controlling question of course was whether or not this defendant committed the unlawful act complained of in the indictment. On this material inquiry there was direct and also circumstantial evidence tending to establish his guilty agency. On the other hand the defendant strenuously denied that he shot the horse. This conflict was for the jury to determine, and in submitting this case to the jury the court delivered an able, full, and comprehensive charge. Practically all of the exceptions reserved to the rulings of the court upon the trial relate to the evidence of the corpus delicti, about which there was no dispute or controversy. We discover no error in any of the court's rulings calculated to injuriously affect the substantial rights of the defendant. As stated the evidence in the case presented a clear-cut issue of fact upon the question of the guilt or innocence of the accused. The evidence was ample to justify the verdict of the jury and to support the judgment of conviction.

[1, 2] Both of the charges refused to defendant were properly refused. These charges are not numbered. The first one appearing is not predicated upon the evidence. Buckhanon v. State, 12 Ala. App. 36, 67 So. 718. It is also faulty for another reason. It justifies an acquittal on a mere probability of innocence, while it must be a reasonable probability of innocence arising involuntarily out of the evidence, or some part thereof, after a consideration of the whole evidence by the jury. The second charge is elliptical and unintelligible.

[3] By assignment of error 3, it is insisted that the verdict of the jury was void in that the same was not signed by the foreman, and the contention is that a judgment could not be passed on such verdict. In support of this assignment counsel for appellant in brief and argument say, "If the verdict of the jury was not signed by one of their number as foreman this would be equivalent to no verdict at all in writing," and counsel state, "We are unable to find any case in this state holding that an oral verdict of a jury would be sufficient on which to pass a judgment of conviction." As far back as the June term, 1841, of the Supreme Court of this state, that tribunal held contrary to the insistence here made. In the case of State v. Underwood, 2 Ala. 744, the court said:

"It is not essential to a verdict, that it should be written; the jury may announce it to the court ore tenus, or upon paper at their pleasure."

"If the verdict of the jury is in writing, it is not necessary to its validity that it be signed by a member of the jury as foreman." Pate v. State, 19 Ala. App. 548, 98 So. 819.

"A verdict of a jury may be oral or in writing, and, if in writing, it need not be signed." State v. Blue, 134 La. 561, 64 So. 411.

The following cases are of similar import on this question: Grace's Case, 49 Ala. 163; Steven's Case, 133 Ala. 36, 32 So. 270; Gary's Case, 103 Ala. 421, 15 So. 840; Edwards v. State, 205 Ala. 160, 87 So. 179; Howard v. State, 17 Ala. App. 628, 88 So. 215; Sanders v. State, 19 Ala. App. 367, 97 So. 294; Pippin v. State, 19 Ala. App. 384, 97 So. 615; Wood v. State, 20 Ala. App. 549, 103 So. 478. It follows that assignment of error 3 is without merit and cannot be sustained.

We discover no error upon the trial of this case calculated to injuriously affect the substantial rights of appellant. The record proper is without error. The judgment of conviction from which this appeal was taken is affirmed.

Affirmed.