149 So. 876

### PEPPERS v. AGEE MERCANTILE CO.

8 Div. 678.

Court of Appeals of Alabama.

Oct. 3, 1933.

Street & Bradford, of Guntersville, for appellant.

John W. Brown, of Boaz, for appellee.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

This suit originated in the justice of the peace court; the action being on open account. From an adverse judgment in said court, the defendant (appellant) appealed to the circuit court, where the cause was tried by the court without a jury. After hearing the evidence, which was in conflict, the court rendered the following judgment against the defendant, to wit:

"Agee Mercantile Company, J. M. Agee, Owner, Vs. J. L. Peppers.
"No. 2644

"On this the 22nd day of July, 1932, come the parties by attorney and no jury being de-

manded to try the issues in this case the Court proceeds to hear the evidence. The evidence being submitted to and duly considered by the Court, it is ordered and adjudged by the Court that the issues are in favor of the plaintiff against the defendant and his sureties on his appeal bond and the Court ascertains the amount due the plaintiff to be One Hundred Dollars, together with the cost of this suit for which let execution issue."

From said judgment this appeal was taken.

■ Pending the trial of this case in the court below, numerous exceptions were reserved to the rulings of the court upon the admission of evidence; the assignments of error are predicated on these rulings. These points of decision require no specific discussion, for the rule is: When a cause is tried by the court without a jury, the judgment will not be reversed on the grounds of the admission of immaterial or incompetent evidence, if sufficient proper evidence was submitted to sustain the finding. Ramey v. W. O. Peeples Grocery Co., 108 Ala. 476, 18 So. 805. In that case the court held that, in considering judgments rendered by the court upon the facts, without the intervention of a jury, the findings of the court will not be disturbed in any case, where the findings of a jury to the same effect would be allowed to stand. And in such case the admission of illegal or irrelevant evidence will not work a reversal, if the judgment is sustained by legal evidence. Berlin Machine Works v. Alabama City Furniture Co., 112 Ala. 488, 20 So. 418.

As stated above, the evidence in this case was in conflict. The plaintiff offered evidence tending to show that the defendant had admitted the correctness of the account, the basis of this suit. This, in connection with that portion of the testimony of plaintiff's witness G. W. Creel as to his own personal knowledge of the correctness of certain portions of the account, would, if believed, be ample upon which to base the finding of the court as ascertained and determined.

■■ Defendant denied the foregoing, thus the conflict in the evidence was for the court to determine; having so determined, the finding will be given the same force and effect as a verdict of a jury, and will not be disturbed on appeal unless it clearly appears to be contrary to the great weight or preponderance of the evidence.

■ There was no dispute as to the plaintiff being the owner of the account sued upon. The criticism of the judgment rendered cannot avail appellant. Even if the judgment was ambiguous or obscure, yet it is sufficient when applying the rule for the construction of judgments. The general rule is: "Whenever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings; and if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification is made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms." Coffey et al. v. Cross et al., 185 Ala. 86, 64 So. 95, 96; Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341.

Under the prevailing rule above stated, the judgment of the lower court will not be disturbed.

Affirmed.