164 So. 121

**FLOYD v. JACKSON.**

4 Div. 164.

Court of Appeals of Alabama.

Oct. 8, 1935.

Rehearing Stricken Oct. 29, 1935.

Guy W. Winn, of Clayton, for appellant.

E. W. Norton, of Clayton, for appellee.

BRICKEN, Presiding Judge.

Action of detinue. Appellee brought suit against appellant to recover one Singer sewing machine.

There were verdict and judgment for plaintiff, and the defendant appealed.

The trial of this case in the court below rested solely upon a question of fact. The evidence was in hopeless conflict; therefore the court properly refused to defendant the affirmative charge. This action of the court is made the basis of assignment of error 9.

The remaining assignments are predicated upon the alleged insufficiency of the verdict of the jury and the judgment rendered thereon.

■ Appellant first complains that the verdict as rendered was not properly signed by the foreman and that "the words appearing underneath the signature of the Foreman are not any part of the verdict of the jury." This insistence is untenable and cannot be sustained. It is not essential to the validity of a verdict that it should be in writing. The law is, a jury may announce their verdict to the court ore tenus, and the fact that the verdict is returned in writing by the jury to the court adds nothing to its validity. Gary et al. v. Woodham, 103 Ala. 421, 15 So. 840; Howard v. State, 17 Ala. App. 628, 88 So. 215; Hayes v. State, 21 Ala. App. 615, 110 So. 696, and numerous cases cited; 27 R. C. L. p. 835, § 3.

■■ Appellant also insists, and denotes, several assignments of error in this connection, that the judgment from which this appeal was taken is obscure and void. There is no merit in these insistences. As stated, there was but one issue raised by the pleadings in this case, and upon this issue the cause was tried, and a judgment even if obscure, may be upheld if its intention is made clear by reference to the pleadings and other proceedings. Coffey v. Cross, 185 Ala. 86, 64 So. 95. In Peppers v. Agee Mercantile Co., 25 Ala. App. 548, 149 So. 876, 877, this court said: "The criticism of the judgment rendered cannot avail appellant. Even if the judgment was ambiguous or obscure, yet it is sufficient when applying the rule for the construction of judgments. The general rule is: 'Whenever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings; and if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification is made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms.'" In other words, the judgment entry must be construed in all of its parts, and with reference to the pleadings to which it refers. Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341.

■ In this case it needs no strained construction of the verdict and judgment to ascertain that the jury found for the plaintiff for the property sued for, and assessed its alternative value at $20, but assessed no damages for its detention.

No objection to the verdict was made at the time of its rendition, nor was there any motion for a new trial.

There being no reversible error in any ruling of the court below on the trial of this case, the judgment from which this appeal was taken will stand affirmed.

Affirmed.