45 So.2d 799

**DEWRELL v. ODOM.**

4 Div. 105.

Court of Appeals of Alabama.

Nov. 22, 1949.

Rehearing Denied Jan. 24, 1950.

108

E. O. Baldwin, of Andalusia, for appellant.

Ralph A. Clark, of Andalusia, for appellee.

HARWOOD, Judge.

This action, which is in detinue, was originally begun in a Justice of the Peace Court. At the time of filing his complaint plaintiff filed his detinue bond and affidavit. The defendant thereafter timely filed a bond and retained possession of the animals sued for. In the justice court a judgment was rendered for the plaintiff. The defendant then perfected his appeal to the Circuit Court of Covington County.

In the circuit court the cause was heard without a jury. Judgment was again entered in plaintiff's favor. The evidence presented by the respective parties was in hopeless conflict as to the ownership of the shoats. That presented by the plaintiff below was abundant in its tendencies establishing plaintiff's claim to the property. We find no basis, under well settled principles for disturbing the trial court's conclusions in the premises. No error therefore results from the entry of the judgment in favor of the plaintiff, nor in the overruling of defendant's motion for a new trial.

Appellant here, who was the defendant below, further argues that this cause must be reversed because of errors in the judgment entered by the circuit court. The pertinent portions of the judgment here questioned are as follows: "It is ordered and adjudged by the court that the plaintiff have a judgment for the property sued for with the value of the hogs fixed at $36.00, and it is further ordered and adjudged by the court that the plaintiff have and recover of the defendant and the sureties on his Appeal Bond the sum of $36.-00, the amount of his damages besides the cost of this cause for all of which let execution issue."

A judgment in a detinue suit in favor of the plaintiff should be for the property sued for, or its alternate value, with damages for its detention to the time of trial. Greene v. Lewis, 85 Ala. 221, 4 So. 740, 7 Am.St.Rep. 42; Pocahontas Graphite Co. v. Minerals Separation North American Corp., 215 Ala. 225, 109 So. 873.

No strained construction of the judgment here entered is necessary to conclude its sufficiency as a finding for the plaintiff for the property sued for, with an assessment of its alternate value fixed at $36.00, and with no damages being assessed for the detention of the property. Floyd v. Jackson, 26 Ala.App. 575, 164 So. 121.

That part of the judgment providing that the plaintiff have and recover of the defendant and his sureties on his appeal bond is however irregular in failing to provide that the plaintiff do have and recover of the defendant and his sureties the property sued for, or for its alternate value of $36.00, the appeal bond to the justice court authorizing such judgment

against the sureties thereon. Deas v. Garrett and Mason, 16 Ala.App. 572, 80 So. 146.

Such irregularity does not however vitiate the judgment, and being otherwise sufficient, the judgment is hereby corrected in accordance with this opinion, and, as corrected, it is affirmed.

Corrected and affirmed.