86 So.2d 292

**JEFFERSON LIFE & CASUALTY COMPANY**

v.

**Lillian R. BEVILL.**

**8 Div. 859.**

Supreme Court of Alabama.

March 22, 1956.

Clark E. Johnson, Jr., Albertville, for petitioner.

H. H. Conway, Albertville, opposed.

LAWSON, Justice.

This cause is here on petition by Jefferson Life & Casualty Company, a corporation, for writ of certiorari to the Court of Appeals to review and revise the opinion and judgment of that court in the case of Jefferson Life & Casualty Co. v. Bevill.

Petitioner argues strenuously that its demurrer was sustained to the entire complaint and inasmuch as the plaintiff in the trial court thereafter failed or refused to amend her complaint there was no complaint to sustain the judgment and, hence, the Court of Appeals erred in not reversing the judgment of the trial court.

■ The case of Seymour v. Day, 207 Ala. 60, 91 So. 875, cited by petitioner, clearly holds that there can be no judgment for a plaintiff without a complaint to support that judgment. See Box v. Metropolitan Life Ins. Co., 232 Ala. 1, 168 So. 216.

■■ The judgment entry as it relates to the trial court's action on the demurrer filed to the original complaint and on the demurrer interposed after the complaint was amended "to the complaint and each count thereof both separately and severally" is not as clear as might be desired. However, we are of the opinion that the judgment sufficiently shows that the demurrer was not sustained to the original complaint but was sustained to the amendment thereto. We have said that an obscure judgment may be upheld if its intention is made clear by reference to the pleadings and to the proceedings. Coffey v. Cross, 185 Ala. 86, 64 So. 95. And it has been said that a judgment entry must be construed in all of its parts in reference to the pleading to which it refers. Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341. See State Tax Commission v. Commercial Realty Co., 236 Ala. 358, 182 So. 31; Taunton v. Dobbs, 240 Ala. 287, 199 So. 9; Floyd v. Jackson, 26 Ala. App. 575, 164 So. 121; Peppers v. Agee Mercantile Co., 25 Ala.App. 548, 149 So. 876. We do not mean to indicate that the cases just cited deal with questions exactly similar to the one at hand. However, the rule of those cases to the effect that the judgment entry must be construed in all of its parts does have application here and we think leads to the construction which we have placed on the judgment of the trial court on the demurrers to the complaint.

■ Petitioner also complains of the holding of the Court of Appeals to the effect that plaintiff was entitled to the benefits of the policy sued on where her "disease" did not manifest itself within six months of the date of the issuance of the policy, although the medical cause of the disease may have existed prior to such time.

The conclusion reached by the Court of Appeals in this connection is in accord with the holding of that court in the case of National Casualty Co. v. Hudson, 32 Ala. App. 69, 21 So.2d 568, as well as with the authorities generally throughout the country, including those cited in the opinion of the Court of Appeals.

In 45 C.J.S., Insurance, § 893, p. 971, it is stated that clauses like the one with which we are here concerned are strictly construed against the insurance company and that illness or disability will be deemed to have its inception when the disease first becomes manifest or active and not at the earlier time when the medical cause of the disease may have begun or had its origin.

And in § 406 of Appleman on Insurance Law and Practice it is said:

"* * * It is frequently provided that the policy shall not cover diseases contracted before the policy has been in force a certain length of time, thirty or sixty days, for example, and in such event any disorder of long standing has been considered not to be covered. If the disease first manifests itself after such time, however,

it has been held covered notwithstanding the medical cause thereof may have existed prior thereto."

·See also American Casualty & Life Co. v. Butler, Tex.Civ.App., 215 S.W.2d 392; American Ins. Co. of Texas v. Brown, 203 Okl. 407, 222 P.2d 757; Smith v. Benefit Ass'n of Ry. Employees, 187 Minn. 202, 244 N.W. 817; Valencia v. Continental Casualty Co., 127 Neb. 820, 257 N.W. 57; Cohen v. North American Life & Casualty Co., 150 Minn. 507, 185 N.W. 939; Provident Life & Accident Ins. Co. v. Jemison, 153 Miss. 53, 120 So. 180; Dance v. Southern Surety Co. of New York, 16 La.App. 373, 134 So. 725.

For the reasons indicated above, we have concluded that the writ of certiorari should be denied. It is so ordered.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.