143 So.2d 449

**Paul HALL et al.**

v.

**Harold DEFOOR.**

6 Div. 873.

Supreme Court of Alabama.

July 12, 1962.

Guin, Guin & Cleere, Russellville, for appellants.

John Posey, Jr., Haleyville, and Fite & Fite, Hamilton, for appellee.

SIMPSON, Justice.

This is an appeal from the order of the trial court granting the plaintiff's motion for a new trial. The two defendants bring this appeal from that ruling.

The action arose out of a collision of the plaintiff's truck-trailer with the dump truck of the defendant Scogin, being driven at the time by his agent, defendant Hall.

The two defendants sued the plaintiff in recoupment, defendant Hall claiming damages for personal injuries and defendant Scogin claiming damages to his dump truck.

No brief has been filed in behalf of the plaintiff (appellee) in support of the trial court's ruling, but on a careful review of the record it is apparent that the learned trial court seemed to have been of the opinion that the verdicts rendered in the cause were repugnant and contradictory, entitling the plaintiff to a new trial on those grounds. We are unable to agree with this theory. The trial court delivered to the jury the various forms of verdicts to be filled in, and when the jury first delivered the verdicts to the court they were in the following forms:

" 'We, the jury, find for the Plaintiff, and assess his damages at $ None .

" 'Foreman

\* \* \* \* \* \*

" 'We, the jury, find for the defendant Paul Hall on his plea of set off and recoupment, and assess his damages at $1,000.00.

" 'W. L. Powell
" 'Foreman

\* \* \* \* \* \*

" 'We, the jury, find for the defendant Hubert Scogin on his plea of set off and recoupment, and assess his damages at $400.00.

" 'W. L. Powell
" 'Foreman

\*    \*    \*    \*    \*    \*

" 'We, the jury, find for the defendants.

       " 'W. L. Powell
          " 'Foreman' ' "

▆▆ The court then, in open court, polled the jury to determine exactly what their verdicts were and each juror stated that their respective verdicts were against the plaintiff and in favor of defendant Hall in the amount of $1,000.00, and defendant Scogin in the amount of $400.00. With respect to this matter the judgment entry shows:

"The court then taking note that the first of said verdicts is unsigned, and that the other three verdicts are self-contradictory, in open court, in the presence of all the parties and in the presence of their attorneys, does question the foreman of the jury as to the true intent of the jury, and the said foreman of the jury does state in open court that the true intent of the jury is to return a verdict for the defendant Paul Hall against the plaintiff on said defendant's plea of set off and recoupment and to assess his damages at $1,000.00, and to return a verdict for the defendant Hubert Scogin on his plea of set off and recoupment against the plaintiff, and to assess his damages at $400.00; whereupon, the court does poll the jury individually, separately and severally, in open court, whether it is the verdict of the jury that the defendant Paul Hall do have and recover of the plaintiff the sum of $1,000.00, and each of said jurors announces aloud in open court that such is his verdict, and the court does then again separately and severally poll the jury aloud and in open court whether it is their verdict that the defendant Hubert Scogin do have and recover of the plaintiff the sum of $400.00, and each of the jurors does announce aloud and and in open court that such is his verdict and the foreman does announce to the court with the consent of all other members of the jury in open court that the reason for returning the verdict, 'We, the jury, find for the defendants' was that they did not understand such was a contradictory verdict to the two verdicts awarding damages of $1,000.00 and $400.00 respectively to the defendant Paul Hall and to the defendant Hubert Scogin.

"The true verdicts of the jury haveing [sic] been made plain in open court, and verified by the court's poll of the jury, it is thereupon considered, ordered, adjudged and decreed by the court that the defendant Paul Hall do have and recover of the plaintiff, Harold Defoor, the said sum of $1,000.-00, together with all costs of suit, for which let execution issue, and that the defendant Hubert Scogin do have and recover of the plaintiff Harold Defoor the said sum of $400.00, together with all costs of suit, for which let execution issue."

The foregoing reflects, without doubt, that the jury returned a verdict against the plaintiff in favor of Hall in the amount of $1,000.00 damages and in favor of Scogin and against the plaintiff in the amount of $400.00 damages. Therefore, no error intervened by the action of the trial court in receiving the verdicts after having polled the jury and thus enrolling them as finally returned. A verdict need not be rendered in any particular form and may be either oral or written. Here the verdicts were in both proper forms. Floyd v. Jackson, 26 Ala.App. 575, 164 So. 121; W. T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603; City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; Wilson v. Federal Land Bank, 230 Ala. 75, 159 So. 493.

▆▆ On a careful study of the record it is made apparent the other grounds of the motion for the new trial were equally without merit. The evidence was ample to support the verdicts returned. We are at the conclusion that the motion for new

trial contained no tenable grounds and that error prevailed in granting it.

Of consequence the judgment setting aside the original judgment is reversed and the order vacated, the original judgment is reinstated, and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.